[761 NYS2d 477]

In the Matter of NATHAN DEMBIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 2003

### APPEARANCES OF COUNSEL

*Jun Hwa Lee* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Nathan Dembin was admitted to the practice of law in the State of New York by the First Judicial Department

on January 29, 1973. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has moved for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law, until further order of the Court, based upon his willful failure to cooperate with the Committee in its investigation.

The Committee commenced its investigation on or about July 30, 2001 after receiving a complaint from a former client who retained respondent for a short time in February 1999 before notifying him that she was seeking other representation. The client telephoned respondent's office several times and sent a certified letter on March 15, 2000 requesting a bill for services and reimbursement of the remaining balance of the $3,500 retainer she had paid him. Respondent did not answer these communications.

In a letter dated October 17, 2001, the Committee sent a copy of the complaint to respondent and requested a response, but none was forthcoming. Between November 27, 2001 and March 31, 2002, the Committee sent three additional letters to respondent, two by certified mail return receipt requested, and tried on four separate occasions to reach him by telephone, to no avail. Staff counsel obtained a subpoena duces tecum directing respondent to appear for a deposition on April 2, 2002, which was served on respondent's receptionist on March 21, 2002. Respondent failed to appear for the deposition and failed to answer the Committee's letter requesting an explanation for his nonappearance.

A second complaint was filed with the Committee on or about June 14, 2002 by a woman who stated that she had retained respondent in October 1998 after her son died in a hospital in Puerto Rico. This client called respondent about three months later, and was informed by his secretary that respondent could not take the case. The client alleges that she went to respondent's office, retrieved her file and sent it to an attorney in Puerto Rico who advised her that the statute of limitations had run. Two letters from the Committee and a subpoena served on respondent's receptionist with regard to this second complaint met with no response.

To this date, respondent has never communicated with the Committee with respect to either complaint. Respondent's persistent refusal to respond to communications from the Committee and his failure to respond to two court-ordered subpoenas

directing his personal appearance have impeded the Committee's investigation and evinces a shocking disregard for the judicial system (*see Matter of Muri*, 303 AD2d 86 [2003]). Such a willful and deliberate failure. to cooperate constitutes professional misconduct that threatens the public interest and warrants immediate suspension from the practice of law (*id.*; 22 NYCRR 603.4 [e] [1] [i], [iii]).

Accordingly, petitioner's motion seeking to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted, and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

BUCKLEY, P.J., ROSENBERGER, LERNER, FRIEDMAN and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.