[796 NYS2d 43]

In the Matter of NATHAN DEMBIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 19, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Benjamin, Brotman & Associates, P.C.* (*Howard Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Nathan Dembin was admitted to the practice of

law in the State of New York by the First Judicial Department on January 29, 1973. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within this Department.

By order entered June 26, 2003 (308 AD2d 195 [2003]), this Court suspended respondent from the practice of law on an interim basis on the ground that he failed to cooperate with the Departmental Disciplinary Committee's investigation of two complaints of professional misconduct. On July 10, 2003, respondent moved for a stay of this Court's interim suspension order, which the Committee did not oppose. By order entered September 11, 2003, a Justice of this Court granted the stay. Respondent cooperated with the Committee's investigation, which resulted in the dismissal of both complaints.

Respondent now moves for an order vacating this Court's June 26, 2003 suspension order, nunc pro tunc. Respondent's counsel has informed the Committee and the Court that respondent's previous failure to cooperate was due solely to the fraudulent interception of his mail by a former employee, who has since been indicted for grand larceny, forgery and alteration of business records in connection with a criminal scheme to defraud respondent of over $1 million dollars. The employee's interception of respondent's mail included correspondence and a subpoena sent by the Committee to respondent, resulting in his unawareness of the complaints filed against him. It is clear, therefore, that respondent did not wilfully fail to cooperate with the Committee and this Court's suspension order should be vacated and expunged.

We also note that respondent has an unblemished record during his 30 years of practicing in this jurisdiction and the Committee has submitted papers in support of respondent's application.

Accordingly, respondent's motion for an order vacating this Court's June 26, 2003 interim suspension order nunc pro tunc should be granted, and said order expunged from the Committee's records.

BUCKLEY, P.J., ANDRIAS, SAXE, FRIEDMAN and GONZALEZ, JJ., concur.

Interim suspension order of this Court entered June 26, 2003 vacated nunc pro tunc; Departmental Disciplinary Committee directed to expunge said order from its records, as indicated.