[755 NYS2d 75]

In the Matter of LAURENCE T. MURI (Admitted as LAURENCE THOMAS MURI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 30, 2003

### APPEARANCES OF COUNSEL

*Jun H. Lee* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Laurence T. Muri, was admitted to the practice

of law in the State of New York by the First Judicial Department on May 3, 1982. At all times relevant herein, respondent has maintained an office for the practice of law within this judicial department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation, as well as his failure to register with the Office of Court Administration and pay his biennial registration fee in violation of Judiciary Law § 468-a, constituting professional misconduct which threatens the public interest. Respondent has failed to interpose an answer to the instant motion seeking his suspension despite two adjournments to do so.

The Committee's motion was based upon respondent's lack of cooperation in the Committee's investigation into allegations of professional misconduct involving his neglect of a civil matter and misleading statements made to his client, causing the applicable statute of limitations to expire. Respondent was subsequently sued for legal malpractice and a default judgment was thereafter rendered against respondent in Supreme Court, Nassau County, on January 31, 2000 in the amount of $103,582.49.

The record herein sets forth uncontested and well documented evidence of respondent's professional misconduct. Not only has respondent failed to answer the subject complaint, he has repeatedly failed to comply fully with the Committee's requests for documents and additional information since April 2000. Respondent also failed to comply with a court-ordered subpoena directing his personal appearance for deposition and his client's case file (22 NYCRR 603.4 [e] [1] [i]). Respondent's persistent dilatory tactics have thwarted the Committee's investigation into this matter for an inordinate period of time and evinces a shocking disregard for the judicial system. Such a willful and deliberate failure to cooperate constitutes professional misconduct that threatens the public interest and warrants immediate suspension from the practice of law (*Matter of Rennie*, 260 AD2d 132; *Matter of Hickey*, 231 AD2d 174).

In addition, it is undisputed that the respondent last filed a registration statement with the Office of Court Administration on June 22, 1998 and has not registered since that time. Such a failure constitutes professional misconduct, warranting respondent's immediate suspension from the practice of law (*see Matter of Horoshko*, 218 AD2d 339, 341).

Accordingly, in light of the foregoing, petitioner's motion seeking to immediately suspend respondent pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted and respondent suspended from the practice of law in the State of New York, effective immediately.

NARDELLI, J.P., ROSENBERGER, ELLERIN, WILLIAMS and LERNER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.