[760 NYS2d 125]

In the Matter of ANAND M.S. GUJRAL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 8, 2003

**APPEARANCES OF COUNSEL**

*Jun Hwa Lee* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Anand M.S. Gujral was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on January 30, 1991. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order immediately suspending respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), until further order of the Court, based upon his failure to cooperate with the Committee in its investigation of complaints of professional misconduct on his part and other uncontested evidence of professional misconduct immediately threatening the public interest. Notice of the motion to suspend was published in the New York Law Journal on December 12, 19 and 26, 2002 and January 2, 2003 and there has been no response. Respondent has not communicated with the Committee by any method at any time.

Respondent has not responded to any of the Committee's requests for answers to complaints received between October 2000 and May 2001 from six of respondent's clients alleging that he neglected to handle the immigration matters they entrusted to him after paying him a retainer fee, that he failed to communicate with them, and that he abandoned his office and could not be located. One of the clients alleged that in September 2000 he received a telephone call from a person who identified herself as an employee of respondent and advised him that respondent had been taken into custody by the police several times and had not worked on the client's case. The client subsequently learned that respondent had moved to India and was living in New Delhi.

The Committee discovered in January 2002 that respondent was arrested in Westchester County in September 2000 for assault in the second degree and in October 2000 for aggravated harassment in the second degree, that he also had been arrested in New York County in June 2000 for two counts of assault in the third degree, and that bench warrants that were issued for his arrest after he failed to appear in court on any of these charges were still active.

The Committee has tried repeatedly to locate respondent by mail, first class and certified, to the last known addresses for his home and office, including the address in New Delhi, India, by sending investigators to the U.S. addresses, by telephone, and by searching various directories, databases and the Internet, all without success. Office of Court Administration records

reflect that respondent last filed a biennial attorney registration on May 24, 1999, and that he is delinquent for the 2001-2002 registration period.

Respondent's failure to respond to the Committee's numerous requests for answers to the complaints filed against him, his failure to respond to the Committee's motion to suspend him, his failure to amend his addresses on his attorney registration, his delinquency in paying the registration fees, and his apparent move to India demonstrate that he has intentionally made himself inaccessible to his clients, the courts and the Disciplinary Committee. This conduct constitutes willful noncompliance with a Committee investigation and warrants immediate suspension from the practice of law (22 NYCRR 603.4 [e] [1] [i]; see Matter of Wolas, 236 AD2d 55 [1997]). The uncontested evidence, set forth in the complaints, of respondent's disregard for his clients' interests, acceptance of fees without performing legal services and abandonment of his law office without notice to them establishes that respondent engaged in professional misconduct that immediately threatens the public interest and warrants immediate suspension from the practice of law (22 NYCRR 603.4 [e] [1] [iii]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

SULLIVAN, J.P., ROSENBERGER, ELLERIN, LERNER and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.