[765 NYS2d 29]

In the Matter of RONALD RICHARD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 2003

### APPEARANCES OF COUNSEL

*Kevin E.F. O'Sullivan* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ronald Richard was admitted to the practice of law in the State of New York by the First Judicial Department

on April 2, 2001. At times relevant to this proceeding, respondent has maintained a business office located at Platinum Asset Management, 575 Madison Avenue, New York, New York, 10022.

The Departmental Disciplinary Committee has moved for an order pursuant to 22 NYCRR 603.4 (e) immediately suspending respondent from the practice of law, until further order of this Court, based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct.

The Committee commenced its investigation on or about January 29, 2003, after receiving a complaint from Lorraine Walla concerning respondent's failure to provide her with information concerning her investment accounts, which had been managed by respondent since January 1999. As of 2002, the value of the investment accounts exceeded $80,000 and were managed by respondent pursuant to a durable power of attorney executed by Walla in February 1999.

In October 2002, Walla asked respondent to disburse some cash from her accounts for a potential family emergency and respondent told her that it was not a good time to withdraw from her cash account since it was low due to the prolonged stock market decline. He recommended that she wait until early 2003. As instructed, in January 2003, Walla sent four e-mails and telephoned respondent, but received no response. In late January 2003, Walla faxed respondent a letter notifying him to cease all financial transactions, to close all her accounts, and to forward all paperwork. The letter also informed him that the power of attorney was terminated. Walla received no response and has since obtained computerized trading records indicating that respondent made trades on her account after the January 2003 cease and desist letter.

In response to these allegations, the Committee has made multiple attempts to obtain an answer to the Walla complaint from respondent without success. A February 14, 2003 letter to respondent's business address elicited no response; a certified mailing on March 17, 2003 was marked "refused"; a subpoena was accepted by the receptionist at his office, but the follow-up mailing was refused; and a subpoena requesting his appearance on July 1, 2003 was affixed to the door of his last known home address, and subsequently mailed, but respondent never appeared or contacted the Committee.

To this date, respondent has never communicated with the Committee concerning the Walla complaint. Respondent's per-

sistent refusal to answer the Committee's communications or respond to the judicial subpoenas have impeded the Committee's investigation and evinces a shocking disregard for the judicial system (*see Matter of Muri*, 303 AD2d 86 [2003]). Such a willful and deliberate failure to cooperate constitutes professional misconduct that threatens the public interest and warrants immediate suspension from the practice of law (*id.*; 22 NYCRR 603 [4] [e] [1] [i]).

Accordingly, petitioner's motion seeking to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded, and until further order of this Court.

MAZZARELLI, J.P., SULLIVAN, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.