[844 NYS2d 192]

In the Matter of JOSEPH S. LEFRAK (Admitted as JOSEPH SAUL LEFRAK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph S. Lefrak was admitted to the practice of law in the State of New York by the First Judicial Department on May 27, 1955. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Committee opened an investigation into respondent's professional conduct in June 2006 after receiving a complaint from a present client, Abdullah Muhammad. Muhammad retained respondent in November 2003 to assist him in the administration of the estate of his deceased brother, who died intestate on November 12, 1995. Muhammad alleges that respondent had substantially completed all estate matters by May 2006, but refused to release the proceeds of the estate, which amounted to approximately $790,000.

In his answer to the complaint, respondent admitted that most of the work was done and that the surrogate had issued an order in May 2006, providing for the release of the funds and for attorneys' fees. However, respondent further stated that as a result of Muhammad's repeated calls complaining about the delay in releasing the funds, and those from local government officials at Muhammad's request, he refused to distribute the funds without the execution of general releases from Muhammad and the deceased's son.

The Committee referred the matter to the New York County Lawyer's Association for mediation. Although the parties appeared to resolve the dispute, respondent failed to appear at two subsequent settlement meetings. The matter was then referred back to the Committee for further investigation, accompanied by an allegation that respondent was holding the funds "in various accounts to earn interest."

On April 10, 2007, the Committee wrote respondent a certified letter requesting the production of bank records detailing the accounts in which the estate funds were being held. Respondent did not answer this letter, nor a follow-up letter warning him that his failure to respond within 10 days would result in a court-issued subpoena and expose him to charges of professional misconduct. On May 8, 2007, the Committee served respondent with a letter and subpoena duces tecum requiring him to appear personally on May 17, 2007, and to produce his

complete file of the Muhammad matter, including the requested bank records. Respondent failed to appear on May 17th, but his assistant called the Committee on that date, informing it that respondent had recently been diagnosed with cancer and was at his oncologist's office. Committee staff requested documentary evidence of the medical condition and the bank records, but this request, and a follow-up certified letter and telephone message yielded no response.

On May 23, 2007, the Committee sent a final demand letter, giving respondent until May 30, 2007 to appear. He did not appear, but had his assistant call the day before to provide another medical excuse. On May 30, 2007, respondent sent a letter to the Committee, which included four checks that purported to be payment due Muhammad and his nephew. Also included were general releases from Muhammad and the nephew, and their statement withdrawing the disciplinary complaint against respondent. Notably, the checks were not drawn upon an attorney trust account, but appeared to be cashier's checks. The Committee rejected the letter and checks and returned them to respondent, and further advised that due to his refusal to cooperate, it would seek his immediate suspension.

Now, by motion dated June 11, 2007, the Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court due to his failure to comply with the subpoena and his general noncooperation with the Committee's investigation.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), an attorney who is the subject of an investigation by the Committee may be temporarily suspended from the practice of law, pending consideration of the charges, upon a finding that respondent is guilty of misconduct that immediately threatens the public interest, such as by refusing to cooperate with the Committee's investigation into the misconduct.

In this matter, respondent has persistently flouted or ignored multiple requests by the Committee for his appearance, and for account records detailing the whereabout of the estate funds at issue. While respondent's agents have offered medical excuses that might, in appropriate circumstances, justify his nonappearance, neither respondent nor anyone on his behalf has supplied the Committee with any documentation confirming his medical condition. This Court draws a negative inference from respondent's failure to provide proof of his condition, and further

notes that his general uncooperativeness evinces a shocking disregard for the judicial system and the Committee's investigation (*Matter of Muri*, 303 AD2d 86 [2003]).

Accordingly, the Committee's motion to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.