[844 NYS2d 202]

In the Matter of WALTER LAWRENCE LOPEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 11, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Walter Lawrence Lopez was admitted to the practice of law in the State of New York by the Second Judicial Department on February 19, 1997. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent has advised the Departmental Disciplinary Committee during the course of its investigation that he has recently worked from his home in Glen Cove, New York.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court due to his failure to cooperate with the Committee in its investigation of 12 pending complaints filed against him and his failure to register with the Office of Court Administration.

Between March 2004 and February 2007, the Committee received 12 separate complaints against respondent by former or present clients. The vast majority of the complaints alleged that respondent neglected legal matters entrusted to him after having received a retainer fee, and that he failed to communicate with his clients despite numerous inquiries concerning the status of their cases. Many of the cases involved lengthy delays in obtaining signed divorce judgments in uncontested matrimonial actions, and respondent's untimely answers to these complaints often relied on filing and service problems as excuses for the delay. On further occasions, the complaining clients' alleged that respondent misrepresented himself as being employed by the law firm of Jacoby & Meyers.

After respondent submitted untimely answers to the first eight complaints, he was served with a subpoena by the Committee and testified at a deposition before it on October 14, 2005. A follow-up deposition was held on June 15, 2006, but was discontinued and rescheduled for June 22, 2006 due to respondent being unprepared to answer questions regarding what had transpired with respect to the eight cases since the first deposition. On June 22, 2006, respondent requested an adjournment to retain counsel, which was granted by the Committee. Respondent failed to appear on the new adjourned date, July 12, 2006, but an unidentified attorney called the Committee and stated that she had been retained by respondent the night

before. Committee staff requested a letter of representation, which was never provided, and further wrote to respondent requesting the attorney's contact information, to no avail. The sole communication from respondent was a July 17, 2006 telephone message to the Committee, stating that they should have heard from a named attorney on his behalf. Respondent never provided any contact information for this attorney.

In a letter to respondent dated April 17, 2007, the Committee summarized his lack of cooperation with the Committee's investigation and included a subpoena from this Court directing him to appear for a deposition on April 26, 2007. Respondent failed to appear or otherwise contact the Committee. In an April 27, 2007 letter, the Committee noted respondent's failure to appear, and warned that a motion for his immediate suspension would follow if he did not contact the Committee within five days. There was no response.

In its motion, the Committee also notes that respondent is delinquent for the 2005/2006 biennial registration period.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon "the attorney's failure . . . to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

The Committee has established respondent's deliberate failure to comply with numerous demands of the Committee, including defiance of a subpoena issued by this Court. His pattern of obstruction and delay has impaired the Committee's ability to swiftly adjudicate the 12 complaints filed by respondent's present or former clients, many of whom have waited several years for their cases to be resolved. Such behavior evinces a shocking disregard for the judicial system and the Committee's investigation (*Matter of Muri*, 303 AD2d 86 [2003]). Respondent's failure to register with the Office of Court of Administration only adds to our finding that respondent's disregard of Committee directives warrants his immediate suspension.

Accordingly, the Committee's motion to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law until further order of this Court.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.