[861 NYS2d 35]

In the Matter of Thomas P. Burke (Admitted as Thomas Patrick Burke), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 8, 2008

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas P. Burke was admitted to the practice of law in the State of New York by the First Judicial Department on November 12, 1968, under the name Thomas Patrick Burke. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation of a complaint and his failure to fully comply with a judicial subpoena issued by this Court. Respondent was served with the instant motion on May 5, 2008, by personal delivery to respondent at his home address in Bronx County. Respondent has not filed a response.

In July 2006, the Committee opened an investigation into respondent's professional conduct, after receiving a complaint from John and Eileen O'Brien. The complainants are coexecutors of the Estate of Mary Heelan, which is pending in Queens County Surrogate Court. The complaint alleges that respondent, as attorney for the Heelan Estate, neglected his duties by failing to disburse the estate's assets, worth approximately $100,000, and wind up the Heelan Estate as required by law.

On August 1, 2006, the Committee sent respondent a copy of the complaint requesting an answer by August 21, 2006. As of September 18, respondent had not submitted an answer despite two voice mail messages left by the Committee on his office machine. The Committee then sent a second letter requesting an answer within 10 days and warning respondent that he faced the possibility of suspension if he failed to cooperate with the Committee's investigation. Although the certified letter's receipt was signed for on September 19, and returned to the Committee, no answer was received. In early October 2006, several telephone messages were left for respondent at his office and

home but he did not contact the Committee. Finally, after the Committee left a voice mail message stating that it would obtain a subpoena from this Court directing his appearance and would seek his suspension for noncooperation, respondent contacted the Committee on October 12, 2006. He promised to submit his answer within seven days, but he failed to do so.

A month later, the Committee obtained a subpoena duces tecum from this Court directing respondent to appear for a deposition on December 13, 2006 and "any recessed or adjourned date" to give testimony in connection with the investigation, and to bring an answer to the complaint and all bank records in his possession regarding the Heelan Estate. After a week adjournment, respondent appeared on December 19, 2006, and submitted his answer and bank records. In his answer, respondent apologized to the complainants and this Court for not communicating with the client and for not providing an interim accounting for the estate. He also promised to prepare an accounting and to communicate "without any delay with [the complainants] to complete the disbursement of the estate's assets."

Respondent appeared for his deposition, which had been adjourned to February 20, 2007. During the deposition, respondent acknowledged that he had received all of the Committee's prior communications demanding an answer to the complaint. Despite his promise two months earlier, respondent testified that he had not yet concluded all of the requisite work. Again, respondent promised to complete the work and provide proof thereof to the Committee along with certain documents the Committee sought to review. The Committee advised respondent that those documents would be due by March 8, 2007. In explaining why he had not concluded the work, respondent claimed that he was experiencing depression. However, he acknowledged that he had not sought treatment and that the condition did not affect his work.

On March 7, 2007, respondent submitted some of the documents requested by the Committee during the deposition, and enclosed a copy of a letter he had sent the complainants regarding an issue involving the estate. On April 30, 2007, the Committee received a letter from the complainants communicating the fact that they had not heard from respondent since his March 7 letter. On May 24, 2007, the Committee wrote respondent reminding him that he still owed some documents he had promised during his deposition, and directed him to provide a

status report on the Heelan Estate by June 3. When respondent failed to reply, the Committee wrote again on June 18, which respondent did not answer.

Again, on July 3, 2007, the Committee wrote respondent, warning him that his failure to cooperate could expose him to suspension, reminding him that he was still under subpoena, and directing him to appear before the Committee on July 26 with an answer to the Committee's May 24 letter and the complainants' April letter. A Committee investigator personally served respondent's receptionist with the letter by hand, as well as mailing him a copy, which was not returned. Respondent did not appear on July 26 or otherwise contact the Committee. On August 14, 2007, a Committee staff attorney and the First Deputy Chief Counsel both left messages on respondent's office voice mail telling him that it was imperative that he contact the First Deputy right away; still no response.

On October 16, 2007, a Committee investigator visited respondent at his home to verify that he had received the Committee's July 3, letter. The investigator spoke with him personally, and respondent confirmed that he had received the July 3 letter. Respondent claimed that he failed to respond thereto, in part because he had a recent medical problem which resulted in his having a pacemaker installed. Per instructions, the investigator warned respondent that he faced suspension if he did not cooperate but that the Committee preferred his cooperation. Respondent promised to telephone the staff attorney. When he called, respondent discussed his pacemaker and reasserted his belief that he suffered from depression. He repeated his promise to complete the Heelan Estate and to send the Committee a status update by October 30. The staff attorney also gave respondent the phone number for the Lawyer Assistance Program. Later that day, respondent faxed the Committee a letter memorializing this conversation. In the fax, he also promised to transfer the Heelan Estate file to the new attorney that the complainants had just retained, and to prepare an accounting by October 30.

When respondent failed to fulfill his promises by October 30, 2007, the Committee left him telephone messages, and later wrote him a letter on November 26, 2007, warning him again that he faced suspension for lack of cooperation. When he did not respond, the Committee wrote respondent again on January 22, 2008, giving him until February 8, 2008 to comply. Respondent was personally served with this letter by hand, and he acknowledged that he had received the same letter by mail.

In light of respondent's medical allegations, and in an effort to have respondent transfer the file for the Heelan Estate to the complainants' new attorney, the Committee instructed its investigator to make one last attempt to urge him to contact the Committee. On March 6, 2008, the investigator went to respondent's home and spoke with him. On March 11, 2008, respondent spoke with the Committee staff attorney, to whom he acknowledged receiving the Committee's correspondence and apologized for his noncooperation. He claimed that he was not cooperating due to his depression. He stated that he had spoken with someone at the Lawyer Assistance Program and intended to seek treatment. He again promised to submit an accounting for the Heelan Estate by March 25, 2008. He also promised to turn over the file to the new attorney, and he expressed his understanding that he faced suspension if he did not cooperate. Respondent then contacted the complainants' new attorney and promised to turn over the file.

Respondent did not fulfill any of these promises. By letter dated April 4, 2008, the Committee gave respondent one final opportunity to cooperate and prevent his suspension. The two week deadline passed without any contact from respondent, and this motion ensued.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "(i) . . . the attorney's failure . . . to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]; see also Matter of Gujral, 307 AD2d 28 [2003]; Matter of Stein, 287 AD2d 32 [2001]).

In this Court's view, respondent's conduct evinces willful noncompliance with the Committee's investigation, warranting his immediate suspension. As fully detailed above, respondent ignored the Committee's numerous written and phone demands for an answer. Respondent submitted an answer only after the Committee obtained a subpoena duces tecum from this Court directing respondent's appearance for a deposition. Besides submitting a belated answer, respondent failed to fulfill his repeated promises to conclude all the requisite work in his capacity as the attorney for the Heelan Estate, including providing an accounting and winding up the estate. To exacerbate

matters, respondent failed to turn over the file for the estate to successor counsel. Further, respondent failed to provide all the documents requested by the Committee during his February 2007 deposition.

Respondent's excuse of suffering from several medical conditions is unavailing. Respondent has failed to supply the Committee with any documentation confirming his medical conditions. Under the circumstances, this Court must draw "a negative inference from respondent's failure to provide proof of his condition[s]" (*Matter of Lefrak*, 46 AD3d 56, 58 [2007]; *see also Matter of Gujral*, 307 AD2d 28 [2003]).

In short, respondent's persistent uncooperative behavior has impaired the Committee's ability to swiftly adjudicate the complaint filed by respondent's former clients with regard to the Estate of Mary Heelan. Such behavior evinces a shocking disregard for the judicial system and the Committee's investigation. (*See Matter of Lefrak*, 46 AD3d 56 [2007]; *Matter of Muri*, 303 AD2d 86 [2003].)

Accordingly, the Committee's motion to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, WILLIAMS, MOSKOWITZ and RENWICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.