[899 NYS2d 201]

In the Matter of BJORN J. HOLUBAR (Admitted as BJORN JEF-FERY HOLUBAR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-MENT, Petitioner.

First Department, April 20, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bjorn Jeffery Holubar was admitted to the practice of law in the State of New York by the Second Judicial Department on December 17, 1997. At all times relevant to the misconduct which underlies this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Between July 2009 and November 2009, respondent became the subject of seven separate and unrelated complaints, each alleging professional misconduct. Two of these complaints were initiated sua sponte by the Departmental Disciplinary Committee (Committee) and the other five were filed by respondent's former clients.

The first complaint dated July 29, 2009 alleged that respondent engaged in frivolous conduct inasmuch as he initiated two separate law suits, each sounding in defamation, which had no basis in law nor fact thereby resulting in sanctions. The second complaint dated August 10, 2009 alleged that respondent, inter alia, unlawfully deposited client funds into his business operating account rather than into his IOLA account and that he then used those funds for personal expenses.

With respect to the remaining five complaints, all made by respondent's clients, we need only discuss the first. On July 21, 2009, Fritz Solberg (Solberg), respondent's former client, made a complaint to the Committee against respondent. In his complaint, Solberg alleged that he retained respondent to aid him in prosecuting a patent. Solberg paid respondent $3,500 but thereafter decided that he no longer wished to pursue the patent. Respondent agreed to refund a portion of Solberg's fee, but despite numerous telephone calls over the course of several months, respondent never refunded any of Solberg's money. Solberg sued respondent in the District Court of Suffolk County, First District, and was awarded judgment against the respondent in the sum of $3,082.19. Solberg's complaint was accompanied by a copy of the judgment against respondent.

Based on these complaints, the Committee initiated an investigation, providing respondent with copies of each complaint and requesting written explanations. Despite the Committee's initial correspondence and numerous voice messages, respondent did not answer any of the complaints. On

October 19, 2009, respondent personally appeared at the Committee's office, promising to respond to all complaints existing at that time. Despite an additional letter sent to the respondent by the Committee, respondent failed to provide the promised answers. On November 30, 2009, respondent, still having provided no answers to the complaints, sent an e-mail to the Committee indicating that he wished to resign from the practice of law and asking for a sample resignation affidavit which was provided. On December 7, 2009, after e-mail requests seeking respondent's consent to be served with a subpoena via e-mail had gone unanswered, the Committee personally served respondent with a subpoena ordering respondent's attendance at a deposition and seeking production of documents. On December 9, 2009, respondent e-mailed the Committee seeking to adjourn the return date on the subpoena and during a subsequent telephone conversation respondent reiterated the same. Since that time, despite an additional letter by the Committee and several voice messages left on respondent's telephone, he has failed to contact the Committee or otherwise comply.

The Committee now petitions this Court for an order pursuant to 22 NYCRR 603.4 (e) (1), immediately suspending respondent from the practice of law pending further order of this Court on grounds that respondent's failure to comply with the Committee's multiple requests, related to its investigation of complaints made against respondent, constitutes professional misconduct which threatens the public interest (22 NYCRR 603.4 [e] [1] [i]). The Committee seeks respondent's immediate suspension on the additional ground that respondent's refusal to satisfy a debt owed to a prior client, the debt evinced by a judgment, constitutes professional misconduct which also threatens the public interest (22 NYCRR 603.4 [e] [1] [iv]).

Pursuant to 22 NYCRR 603.4 (e) (1),

> "[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest."

Misconduct will be found when the attorney fails "to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investiga-

tion, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]), or upon "the attorney's willful failure or refusal to pay money owed to a client, which debt is demonstrated by an admission, a judgment, or other clear and convincing evidence." (22 NYCRR 603.4 [e] [1] [iv].)

Thus, failure to comply with the Committee's demands made in connection with an investigation is grounds for immediate suspension from the practice of law (*Matter of Burke*, 54 AD3d 70, 74-75 [2008]; *Matter of Fish*, 57 AD3d 112, 113-114 [2008]; *Matter of Stewart*, 50 AD3d 247, 249 [2008]; *Matter of Lefrak*, 46 AD3d 56, 58-59 [2007]; *Matter of Zimmerman*, 45 AD3d 212, 214 [2007]; *Matter of McClain-Sewer*, 39 AD3d 35, 36 [2007]; *Matter of Spiegler*, 33 AD3d 187, 189-190 [2006]; *Matter of Muri*, 303 AD2d 86, 87 [2003]; *Matter of Gordon*, 142 AD2d 135, 137 [1988]). This is especially true when the failure to comply is persistent since such behavior evinces willful noncompliance (*McClain-Sewer* at 36; *Spiegler* at 190), a shocking disregard for the judicial system and the Committee's investigation (*Burke* at 75; *Fish* at 113-114; *Lefrak* at 59; *Muri* at 87; *Gordon* at 137), and an attempt to impede the Committee's investigation (*Fish* at 114; *Gordon* at 137).

Similarly, immediate suspension is also warranted when it is demonstrated that despite a money judgment, an attorney has refused to pay money owed to a client (*Fish* at 114; *Stewart* at 249; *Matter of Singer*, 301 AD2d 336, 337 [2002]; *Matter of Harley*, 293 AD2d 131, 136 [2001]).

Based on the foregoing, it is clear that respondent, in shocking disregard to the Committee's investigation, has engaged in conduct evincing willful noncompliance designed to impede the Committee's efforts. Despite the Committee's repeated attempts to exact compliance with its demands, e.g., letters, telephone calls, e-mails and a subpoena, respondent has at best strung the Committee along, promising compliance but never actually providing the same. Thus, the Committee's application seeking respondent's immediate suspension is granted (22 NYCRR 603.4 [e] [1] [i]). Moreover, inasmuch as respondent has refused to pay a debt owed to his former client, said debt evinced by a judgment obtained against respondent, he is guilty of additional professional misconduct which threatens the public interest and his immediate suspension is thus warranted (22 NYCRR 603.4 [e] [1] [iv]).

Accordingly, the petition should be granted pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), and respondent is suspended

from the practice of law, effective immediately, and until further order of this Court.

FRIEDMAN, J.P., MOSKOWITZ, RENWICK, FREEDMAN and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.