[907 NYS2d 869]

In the Matter of SAMUEL R. BAUTISTA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 2010

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Scott D. Smith* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Samuel R. Bautista was admitted to the practice of law in the State of New York by the Third Judicial Department on July 13, 1982. His last known business address, listed in June 2007, was within the First Judicial Department, and accordingly, this Court maintains jurisdiction over him.

The Departmental Disciplinary Committee moves for an order immediately suspending respondent from the practice of law until further order of the Court on the grounds of failure to cooperate with the Committee's investigation into two complaints of professional misconduct (22 NYCRR 603.4 [e] [1] [i]) and uncontested evidence of professional misconduct that immediately threatens the public interest (22 NYCRR 603.4 [e] [1] [iii]).

The Committee opened its investigation into respondent's conduct in March 2008 when it received a complaint alleging that respondent neglected an immigration legal matter on which he was retained, resulting in the client losing an opportunity to attain legal permanent resident status. In April 2008 the Committee received a second complaint which, according to the Committee, also alleges neglect of an immigration matter, and further alleges that respondent used the complaining client's identity to take out $150,000 in loans, lease an automobile, and obtain a credit card.

Respondent did not respond to the Committee's four letters, which were mailed to both his last known business and home addresses as well as other addresses associated with him. The Committee's investigator failed to reach respondent through telephone numbers associated with him, and investigation disclosed that respondent's listed home address was in fact a UPS store mailbox. He is delinquent in his attorney registration as well, having failed to register for the 2008-2009 biennial period.

By order dated September 23, 2009, the Committee was granted permission to serve the notice of motion to suspend on respondent by publication in the New York Law Journal (22 NYCRR 601.1), and the notice of motion was duly published.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may suspend an attorney from the practice of law pending consider-

ation of charges of professional misconduct, upon a finding that the attorney failed "to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation." Respondent's failure to respond to the Committee's letters or its investigator's calls, and his failure to respond to this motion, establishes grounds for an immediate suspension from the practice of law (*see Matter of Bugtti*, 7 AD3d 15 [2004]; *Matter of Gujral*, 307 AD2d 28 [2003]). However, the submissions as appended to the petition are incomplete and therefore fail to provide grounds for respondent's suspension pursuant to 22 NYCRR 603.4 (e) (1) (iii).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.

MAZZARELLI, J.P., SAXE, NARDELLI, DEGRASSE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.