[926 NYS2d 490]

In the Matter of TRACY A. BLOODSAW (Admitted as TRACY ANN BLOODSAW), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 7, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Tracy Ann Bloodsaw was admitted to the practice of law in the State of New York by the Second Judicial Department on January 14, 1998. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (Committee) now petitions for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), immediately suspending respondent from the practice of law until further order of the Court based upon her noncooperation with a Committee investigation and her failure or refusal to pay money owed a client. Although served, respondent has not submitted a response to this motion.

The Committee's motion is based upon two complaints filed against respondent alleging, first, that she failed to return monies owed to a client, including an admitted owed debt which led to an arbitration award in the client's favor, and second, that she mishandled a guardianship by failing to render annual accountings, leaving unexplained the whereabouts of certain guardianship assets, and by failing to explain why her ward's apartment was in a dilapidated, rodent-infested condition when she had claimed an expenditure of more than $50,000 for the apartment's repair and renovation.

We find that respondent's conduct merits immediate suspension from the practice of law. Respondent has thwarted the Committee's investigation of both complaints by failing to "comply with any lawful demand of . . . the Departmental Disciplinary Committee" (22 NYCRR 603.4 [e] [1] [i]; *Matter of Burke*, 54 AD3d 70 [2008]; *Matter of Taylor*, 48 AD3d 138 [2007]). Respondent has disregarded a judicial subpoena and, in the words of the Committee, has

> "demonstrated a strategy of silent entrenchment, a calculated refusal to acknowledge repeated Committee inquiries, or even submit an answer to the complaint of [the] Court Examiner[ ]. And Respondent has done all this in the face of serious allegations, allegations implicating, *inter alia*, tens of thousands of dollars intended for the care of a mentally incompetent person for whom Respondent was guardian."

The Committee also refers to 22 NYCRR 603.4 (e) (1) (iv), which states that an attorney's "willful failure or refusal to pay money owed to a client, which debt is demonstrated by *an admission*, a judgment, or other clear and convincing evidence" can merit suspension (emphasis added; *see Matter of Holubar*, 73 AD3d 214 [2010]; *Matter of Fish*, 57 AD3d 112 [2008]; *Matter of Muraskin*, 286 AD2d 186 [2001]). As long ago as December 8, 2009, respondent acknowledged in writing a debt she owed her client which is still not satisfied. Indeed, her client forwarded to the Committee a copy of a $6,500 arbitration award she won against respondent, dated February 16, 2011, from the Joint Committee on Fee Disputes and Conciliation.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) should be granted, and respondent is suspended from the practice of law, effective the date hereof, and until further order of this Court.

MAZZARELLI, J.P., SWEENY, DeGRASSE, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.