[928 NYS2d 275]

In the Matter of PATRICK J. MARUGGI (Admitted as PATRICK JAMES MARUGGI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 28, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Patrick Maruggi was admitted to the practice of law in the State of New York by the First Judicial Department on June 14, 1999 as Patrick James Maruggi. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

Respondent was in the business of originating mortgage loans to real estate investors for the purchase and rehabilitation of distressed properties in and around Philadelphia. In July 2009, one of the investors filed a complaint with the Departmental Disciplinary Committee alleging that respondent had misused and converted escrow funds for his personal use. The Committee subsequently sought a written answer from respondent, as well as his escrow and trust account records. However, in an untimely written response, respondent denied acting as the complainant's attorney and failed to address the allegations. The Committee continued to request bookkeeping information and written explanations with respect to certain transactions, yet respondent did not provide this information or contact the Committee. Respondent also failed to comply with a subpoena duces tecum and a letter directing him to appear for an examination under oath.

In July 2010, another investor filed a complaint with the Committee alleging that respondent had converted and misappropriated proceeds from a sale of one of the investment properties. The Committee served respondent with another subpoena, covering both complaints, and ordered the production of documents pertaining to both client matters, his bookkeeping records pertaining to his escrow account, and his appearance for a deposition. Respondent filed an untimely answer denying all allegations of conversion and misappropriation. He failed to appear for his deposition or otherwise comply with the subpoena. The Committee continued to contact respondent directing him to appear and provide the requested documents. Respondent was informed that in the event he continued to fail to comply, it would most likely result in his interim suspension.

The Departmental Disciplinary Committee now seeks an order suspending respondent pursuant to 22 NYCRR 603.4 (e) (1). Suspension under 22 NYCRR 603.4 (e) (1) is appropriate because respondent has failed to cooperate and communicate

with the Committee, despite being given every opportunity and accommodation to do so. Moreover, respondent has failed to appear for an examination under oath, and has not produced relevant files, documents and bookkeeping records as directed by two separate subpoenas. Such conduct constitutes willful noncompliance with a Committee investigation, warranting immediate suspension under 22 NYCRR 603.4 (e) (1) (i) (*see Matter of Bautista*, 78 AD3d 75 [2010]; *Matter of Holubar*, 73 AD3d 214 [2010]; *Matter of Burke*, 54 AD3d 70 [2008]).

Accordingly, the motion is granted, and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

GONZALEZ, P.J., FREEDMAN, RICHTER, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.