[949 NYS2d 42]

In the Matter of GIDEON J. KARLICK (Admitted as GIDEON JOSEPH KARLICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Gideon J. Karlick*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Gideon Joseph Karlick was admitted to the practice of law in the State of New York by the Second Judicial Department on April 19, 1978. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law, until further order of the Court, based upon his failure to cooperate with the Committee in its investigation of professional misconduct.

In August 2009, a client filed a complaint with the Committee against respondent alleging that she had retained respondent in 2005 to file a medical malpractice wrongful death action on behalf of her mother's estate and that he neglected the case by failing to return her calls for approximately one year. After initially failing to answer the complaint, respondent submitted a response stating that the case was at the discovery stage and that he felt uncomfortable continuing to represent the client due to her complaint to the Committee. In her November 2009 reply, the client stated that respondent eventually called her upon receiving her complaint, and that she too had reservations regarding his continued representation due to his stated apprehensions.

On December 15, 2009, the Committee referred the matter to the Bronx County Bar Association for mediation. However, respondent failed to appear at the first scheduled mediation conference, claiming that he never received notice of it. At the second scheduled mediation conference date, the mediator telephoned him after he failed to arrive at the scheduled time, and respondent stated that the appointment had "slipped his mind" and that he had a "family emergency" and asked for it to be rescheduled again. The mediator declined and referred the matter back to the Committee for further investigation regarding respondent's noncooperation.

On June 8, 2011, respondent spoke with the Committee by phone and agreed to accept service of a subpoena duces tecum by mail at his home in New Jersey. The subpoena was mailed that day by first-class mail and it directed his appearance on June 22, 2011 and production of the client's file. Respondent

did not appear on June 22, or otherwise comply with the subpoena. On June 28, 2011, the Committee wrote respondent again, directing him to comply with the subpoena within 10 days and warning him of his possible suspension for failure to cooperate. A follow-up letter was sent on July 27, 2011, by first-class mail and certified mail return receipt requested, asking respondent to contact the Committee to schedule his deposition. Respondent signed the return receipt postcard on August 9, 2011, and returned it to the Committee. However, again, he failed to contact the Committee.

On January 27, 2012, the Committee wrote respondent again asking him to comply with the previous subpoena and produce his client's case file. Again respondent signed the return receipt postcard, but failed to contact the Committee. On February 9, 2012, this Court issued a new subpoena duces tecum directing respondent to appear for a deposition on February 22, 2012 and to produce the client's file. Respondent agreed, by phone, to accept service of the subpoena by mail. The subpoena was mailed to a post office box designated by respondent, as well as by first-class mail and certified mail to respondent's home address. Although the post office left a notice for the certified letter on February 13, 2012, it was returned to the Committee on March 20, 2012, marked unclaimed. The copies of the subpoena mailed by first-class mail were not returned to the Committee.

On February 21, 2012, the day before his scheduled deposition, respondent telephoned the Committee requesting an adjournment due to a scheduling conflict. The Committee agreed but asked for his case file to still be sent. When respondent asked for more time to produce the file, he was reminded that the Committee first subpoenaed the file six months earlier. When respondent denied receiving the subpoena, he was reminded that he had signed for the letter. Respondent agreed to send the file by the end of the week. Respondent never sent the file or a letter stating his need for the adjournment, as requested by the Committee. When respondent failed to appear for his February 28, 2012 deposition, the Committee wrote him at both addresses documenting his failure and advising him that his appearance was rescheduled for March 8, 2012. A notice for the certified letter was left on March 2, and has yet to be claimed, and the letters sent by first-class mail were never returned to the Committee. Respondent did not appear on March 8 nor otherwise contact the Committee. The last correspondence sent by the Committee was on March 9, 2012,

documenting respondent's failure to appear or to produce the case file, and informing him that a motion for his interim suspension would be filed against him based on his failure to cooperate. The return receipt postcard was returned unsigned and the first-class letters were never returned.

Respondent was served with this motion by first-class and certified mail return receipt requested at his home address and first-class mail at his post office box, but no response has been submitted.

Immediate suspension on an interim basis is appropriate where the public interest is threatened because an attorney has demonstrated noncompliance with a Committee investigation (22 NYCRR 603.4 [e] [1] [i]; see Matter of Maruggi, 87 AD3d 201 [2011]; Matter of Bautista, 78 AD3d 75 [2010]; Matter of Holubar, 73 AD3d 214 [2010]; Matter of Burke, 54 AD3d 70 [2008]). Here, respondent's conduct is willful insofar as the Committee has given him numerous opportunities and accommodations to cooperate with its investigation of his client's complaint since it was filed in August 2009, but he has not taken advantage of those chances. Although respondent did provide an answer to the disciplinary complaint, his response was lacking in substance. Moreover, notwithstanding his claimed desire to mediate their differences, respondent failed to attend either scheduled conference. His inability to make an appearance has continued with his failure to appear for an examination under oath and his failure to produce the relevant case file as directed by two court-ordered subpoenas.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, RENWICK and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.