[949 NYS2d 44]

In the Matter of Joseph J. Mainiero, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 17, 2012

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Joseph J. Mainiero*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Joseph J. Mainiero was admitted to the practice of law in the State of New York by the Second Judicial Department on March 7, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law, until further order of the Court, based upon his failure to cooperate with the Committee in its investigation of professional misconduct.

In June 2010, one of respondent's clients, who had retained respondent with respect to a matrimonial matter, filed a complaint with the Committee alleging that respondent neglected his case and failed to account for $4,782 in escrow funds. The Committee forwarded a copy of the complaint to respondent on July 15, 2010, requesting he submit an answer. When respondent failed to respond, the Committee telephoned respondent and left a message. Two days later, on August 13, 2010, respondent contacted the Committee and requested an adjournment until August 18. However, respondent did not submit an answer by that date. On September 8, 2010, respondent secured a further adjournment until September 14, but, once again, no answer was received. By letter dated October 14, 2010 and mailed by regular and certified mail, the Committee advised respondent that he had 10 days to submit a response to the complaint and that a failure on his part was grounds for suspension. Once again, no answer was provided. Thereafter, from November 2010 through mid-February 2011, Committee staff had five separate conversations with respondent during which he offered various explanations for his failure to submit an answer, including that he had been in a car accident, he had had a "bad month," and that a long holiday weekend and family illness had prevented his compliance.

Following numerous adjournments granted by the Committee, respondent finally submitted an answer to the complaint on

February 18, 2011. Respondent stated, among other things, that any monies that were being held in escrow "were used to pay [the client's] ex-wife . . . due under the divorce judgment, and counsel fees which [the client] agreed to pay to his ex-wife's lawyers." Respondent's answer was sent to the client, who submitted a reply wherein he stated:

> "Before following up on Mr. Mainieros' response to my complaint I contacted him. I agreed to drop my complaint if he reimbursed me for my court ordered escrow. Additionally Mr. Mainiero agreed to reimburse my additional expenses which were $750 to hire another lawyer to finish the legal work Mr. Mainiero never completed and $400 for a judgment which was placed on my credit report. . . .
>
> "After bouncing one check Mr. Mainiero did pay back my escrow and my attorney fee but I never received the $400. Mr. Mainiero has failed to return any of my calls or messages. For this reason I would like to proceed with my complaint."

On June 30, 2011, the Committee contacted respondent and requested that he produce his bank records in regard to the escrow money that the client had given respondent (to ensure that the funds remained intact from receipt up to the time the funds were disbursed). Since respondent was going on vacation the following week until the end of July, he asked if it could wait until August, however, the Committee declined to extend the time. Although respondent promised to contact the Committee investigator before he left on vacation, he did not. On two occasions in August 2011, respondent spoke with the Committee and promised to produce his bank records but he never did.

On January 8, 2012, this Court issued a subpoena duces tecum requiring respondent to produce his escrow bank records on January 30, 2012; his personal appearance was not requested. Respondent having agreed to accept service by mail, the subpoena was mailed to his office on January 23, 2012. On January 30, 2012, respondent appeared at the Committee's office to request additional time due to a personal illness. The Committee consented to a one-week adjournment, to February 6. On February 7, respondent contacted the Committee requesting more time, and he was given to the close of business on February 10, 2012. Respondent failed to provide the escrow account records and failed to contact the Committee.

By letters dated March 5 and 13, 2012, respondent was given one more chance to comply with the judicial subpoena and told

that, if he failed to do so, a motion seeking his immediate suspension would follow. Respondent did not submit the records, nor did he contact the Committee.

On January 11, 2012, a few days after this Court issued its subpoena, the Committee received an unrelated complaint from a client who had retained respondent with respect to a matrimonial matter and alleged that he had neglected her case. By letters dated January 25 and February 29, 2012, the Committee forwarded a copy of the complaint to respondent and requested that he submit an answer. By letter dated March 13, 2012, the Committee made one last request for an answer to this complaint, but respondent failed to comply.

There are two other investigations pending against respondent, in which clients allege neglect in regard to matrimonial and/or family law matters. On March 9, 2012, after several requests were made of respondent to submit an answer to both complaints, respondent submitted a one paragraph response to each complaint, and stated that he would fully respond to them on March 13, 2012. Regarding one of the complaints, respondent explained that he did an extensive trial and four lengthy motions on the matter but the court restricted and cancelled his client's visitation with his son because of the client's threats to hurt his son and his past criminal history, and that the court had recently denied an appeal. Regarding the other matter, respondent claims that he was hired and fired twice, that he immediately commenced an action against the client's wife, and that even though he performed work, he gave a full refund. On March 13, 2012, despite his promise to do so, respondent failed to submit anything further in response to these complaints.

Immediate suspension on an interim basis is appropriate where the public interest is threatened because an attorney has demonstrated noncompliance with a Committee investigation (22 NYCRR 603.4 [e] [1] [i]; see Matter of Maruggi, 87 AD3d 201 [2011]; Matter of Bautista, 78 AD3d 75 [2010]; Matter of Holubar, 73 AD3d 214 [2010]; Matter of Burke, 54 AD3d 70 [2008]). Here, respondent's conduct is willful insofar as the Committee has given him numerous opportunities and accommodations to cooperate with its investigation of his clients' various complaints, but he has not taken advantage of those chances. Although he initially cooperated with the first complaint, albeit after months of adjournments, he eventually failed to respond to Committee inquiries and failed to provide relevant bank records subpoenaed by the Committee. In addi-

tion, respondent has defaulted on this motion seeking his immediate suspension.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MAZZARELLI, J.P., CATTERSON, MOSKOWITZ, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.