OPINION OF THE COURT
Per Curiam.
Respondent Ingrid L. Seaborn was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 2002, under the name Ingrid Lynn Seaborn. At all times relevant to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.
On January 9, 2013, the Departmental Disciplinary Committee sought respondent’s immediate suspension pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), based upon her failure to cooperate with the Committee in its investigation of four complaints filed between December 2011 and March 2012, alleging her neglect of matrimonial matters by failing to communicate with her clients, with one complaint also alleging incompetent representation. However, by order entered on May 9, 2013, this Court denied the Committee’s interim suspension motion with leave to renew in the event respondent failed to cooperate with the Committee. Now, by motion dated July 12, 2013, the Committee seeks anew respondent’s immediate suspension for failure to cooperate with the Committee’s investigation of her professional misconduct.
Following issuance of this Court’s order of May 9, 2013, the Committee, on May 10, served a notice of entry on respondent by first-class mail and certified mail, to both her work and residence, attaching a copy of the May 9 order and a print out of 22 NYCRR 603.16, directing respondent’s attention to the Court’s procedure if an attorney was to claim a disability. The return receipts for both letters sent by certified mail were signed for and returned to the Committee. More than 60 days after the Committee served respondent with the notice of entry and the attachments mentioned above, respondent has still not cooperated with the Committee’s investigation, nor has she submitted a response to its motion or appeared at the Committee’s office.
*217 The first complaint was received by the Committee on December 14, 2011. After several attempts to contact respondent, on May 8, 2012, the Committee sent its first formal letter to respondent at her office enclosing a copy of the complaint and requesting an answer within 20 days. Respondent answered the first complaint within 20 days as instructed. On June 21, 2012, the Committee sent a letter to respondent enclosing a copy of three more complaints, requesting she provide a separate answer for each within 20 days. Once again, respondent answered the complaints within the requested time periods. However, respondent stated that she had recently been afflicted with serious, undiagnosed medical illnesses, which had greatly inhibited her work capability. On September 4, 2012, the Committee wrote respondent requesting documentation of her medical illness and treatment, which were referenced in her aforementioned answers. When no response was received, the Committee wrote respondent on September 21, 2012, asking again for the information and advising her that continued neglect or refusal to cooperate would expose her to formal charges of professional misconduct. The certified letter was signed by the receptionist in respondent’s office, but no response was received.
On October 22, 2012, the Departmental Disciplinary Committee investigator went to respondent’s office to personally serve a subpoena duces tecum directing her to appear for a deposition on November 8, and to bring with her the four client files. The subpoena was left with the receptionist, followed by a copy sent by mail to respondent’s office address. Respondent did not appear on November 8 nor did she contact the Committee. On November 19, the Departmental Disciplinary Committee sent respondent a letter to her office, regarding her failure to appear for the deposition and reminding her that if she did not contact the Committee to reschedule, she faced an interim suspension motion for her noncooperation. That letter, which was delivered via certified mail, was signed for by the receptionist. Again, the Committee received no response.
Finally, the Committee warned respondent through a letter dated December 21, 2012, that if she did not contact the Committee within 10 days, it would seek her interim suspension for lack of cooperation. Based upon the foregoing, the Committee moved for respondent’s interim suspension due to her lack of cooperation. Respondent did not submit a response to this motion.
*218 The Committee has contacted respondent many times and has given her every opportunity to cooperate and communicate with the Committee, as has this Court by giving her an additional opportunity to advise the Committee of her disability, if any, but she has not done so. Respondent has been given several opportunities to cooperate with the Committees’ investigation, but she has not taken advantage of those chances. Furthermore, this Court denied the first interim suspension motion in order to give respondent a chance to provide documentation or information regarding her “severe health problems,” but respondent has failed to make use of that opportunity. Such conduct constitutes willful noncompliance with a Committee investigation, warranting immediate suspension under 22 NYCRR 603.4 (e) (1) (i) (see Matter of Maruggi, 87 AD3d 201 [1st Dept 2011]; Matter of Burke, 54 AD3d 70 [1st Dept 2008]).
Accordingly, the Committee’s motion is granted and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of the Court.
Mazzarelli, P.J., Acosta, DeGrasse, Freedman and Richter, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.