OPINION OF THE COURT
Per Curiam.
Respondent Donald B. Rosenberg was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959 under the name Donald Bertram Rosenberg. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.
In September and October 2012, the Departmental Disciplinary Committee received five separate complaints from respondent’s former clients regarding the status of their personal injury actions and/or their settlement funds. Respondent answered each complaint and submitted bank records for his IOLA account for each client. These records revealed that respondent used each client’s settlement funds for his own personal use without permission to do so.
Subsequently, this Court issued a subpoena requiring respondent’s appearance for a deposition on July 22, 2013. Respondent failed to appear at the deposition. Instead, by letter dated July 19, 2013, respondent’s counsel wrote the Committee advising that he was recently retained and after discussing the matter with respondent, “he now declines to appear at your Office for this deposition.”
The Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law based upon his failure to cooperate with disciplinary investigations concerning escrowed funds, and based upon uncontested evidence of professional misconduct (i.e., conversion of such escrowed funds).
The Committee served respondent’s counsel with the motion to suspend. However, counsel has written this Court advising that he no longer represents respondent in connection with this motion; a copy of the motion was forwarded to respondent; and counsel spoke with respondent “and he understands that he will either have to retain counsel or proceed pro se.” Respondent has not submitted a response.
*49 The Committee has demonstrated that respondent has failed to fully cooperate with the Committee and that there is uncontested evidence, in the form of bank records, demonstrating that respondent improperly used his IOLA account (see Matter of Linder, 112 AD3d 152 [1st Dept 2013]; Matter of Lee, 14 AD3d 98 [1st Dept 2004]). Such conduct is “serious misconduct that demands an immediate response in defense of the public interest” (Lee at 100 [internal quotation marks omitted]; see also Matter of Harris, 97 AD3d 96 [1st Dept 2012]; Matter of Reis, 96 AD3d 53 [1st Dept 2012]; Matter of Maruggi, 87 AD3d 201 [1st Dept 2011]; Matter of Holubar, 73 AD3d 214 [1st Dept 2010]; Matter of Wertis, 307 AD2d 15, 18-19 [1st Dept 2003]).
Accordingly, the Committee’s motion for an order immediately suspending respondent from the practice of law until such time as disciplinary proceedings have been concluded and until further order of this Court should be granted.
Mazzarelli, J.E, Acosta, Renwick, Freedman and Manzanet-Daniels, JJ., concur.