[739 NYS2d 148]

In the Matter of Agostinho D. Reis (Admitted as Agostinho Dias Reis), a Suspended Attorney, Respondent. Departmentmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 21, 2002

APPEARANCES OF COUNSEL

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Agostinho Dias Reis was admitted to the practice of law in the State of New York by the First Judicial Department on July 8, 1976.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (g), immediately disbarring respondent from the practice of law on the grounds that he was suspended, pursuant to 22 NYCRR 603.4 (e) (1), by order of this Court dated July 12, 2001 (285 AD2d 277), and in the more than six months since then has neither appeared nor applied in writing to the Committee or the Court for a hearing or reinstatement. In addition, the Committee seeks an order, pursuant to Judiciary Law § 90 (6-a) (a), directing respondent to reimburse the Lawyers' Fund for Client Protection of the State of New York for the award made to his client, Joseph Martello, in the sum of $3,712, for funds misappropriated from Mr. Martello by respondent.

Pursuant to 22 NYCRR 603.4 (g), the Committee stated in its notice of motion to suspend that "an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of an order of suspension may be disbarred." Since respondent did not appear or apply in writing to the Committee or the Court for a hearing or reinstatement within six months of the order of suspension dated July 12, 2001, he may be disbarred without further notice (*id.*).

Judiciary Law § 90 (6-a) (a) provides that where an attorney is disbarred "following disciplinary proceedings at which [the Court] found, based upon a preponderance of the legally admissible evidence, that [the attorney] wilfully misappropriated or misapplied money or property in the practice of law, [the Court] may require * * * that he or she reimburse the lawyers' fund for client protection of the state of New York for awards made to the person whose money or property was wilfully misap-

propriated or misapplied." While the Client Protection Fund distributed funds to respondent's client, no finding of wilful misappropriation or misapplication was made during these proceedings.

The Committee's application for an order, pursuant to 22 NYCRR 603.4 (g), disbarring respondent should be granted and respondent's name should be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately. The application for an order, pursuant to Judiciary Law § 90 (6-a) (a), directing respondent to reimburse the Lawyers' Fund for Client Protection of the State of New York must be denied because, on these papers, we are unable to find that respondent's misappropriation or misapplication of client funds was wilful.

WILLIAMS, P.J., NARDELLI, ELLERIN, LERNER and SAXE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, as indicated.