[843 NYS2d 79]

In the Matter of CHARLES HENRY RYANS, JR. (Admitted as CHARLES H. RYANS, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 11, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Charles H. Ryans, Jr., was admitted to the practice of law in the State of New York by the First Judicial Department on July 8, 1985. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered December 7, 2006 (37 AD3d 40 [2006]), this Court suspended respondent from the practice of law on an interim basis pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) based on his failure to cooperate with the Departmental Disciplinary Committee in its investigation of allegations of professional misconduct against him and other uncontested evidence of professional misconduct immediately threatening the public interest. Specifically, respondent failed to appear before the Committee as ordered by judicial subpoena and consistently failed to provide requested records pursuant to multiple demands. Respondent also failed to turn over $63,811.60 in escrow funds which he had been court ordered to hold during the pendency of a lawsuit in which he had represented the plaintiff. In addition, the Committee subsequently received two separate complaints alleging respondent had failed to maintain and disburse real estate down payments.

The Departmental Disciplinary Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) on the ground that he has been suspended under section 603.4 (e) (1) (i) and (iii) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the order of suspension. In addition, the Committee seeks an order pursuant to Judiciary Law § 90 (6-a) directing respondent to reimburse the Lawyers' Fund for Client Protection in the amount of $30,000.

The Committee's further application for an order, pursuant to Judiciary Law § 90 (6-a), directing respondent to reimburse the Lawyers' Fund for Client Protection of the State of New York, must be denied, because the disciplinary proceeding was conducted solely on papers and "no finding of wilful misappropriation or misapplication was made during these proceedings" (see Matter of Reis, 291 AD2d 185, 186-187 [2002]), "based upon a preponderance of the legally admissible evidence" as Judiciary Law § 90 (6-a) requires.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see Matter of Johnson*, 22 AD3d 106 [2005]; *Matter of Freeman*, 14 AD3d 210 [2005]) and respondent's name stricken from the roll of attorneys in the State of New York, and the application for reimbursement should be denied.

Marlow, J.P., Buckley, Sweeny, McGuire and Malone, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.