[924 NYS2d 786]

In the Matter of KENNETH J. AUSLANDER (Admitted as KENNETH J. AUSLANDER, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kenneth M. Doyle* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kenneth J. Auslander was admitted to the practice of law by the First Judicial Department on December 3, 1990 under the name Kenneth J. Auslander, Jr. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On May 6, 2010 this Court immediately suspended respondent from the practice of law for his willful failure to cooperate with the Departmental Disciplinary Committee's investigation into five separate complaints involving his representation of the complainants in the sale of their cooperative apartments (74 AD3d 93 [2010]). Additionally, respondent failed to maintain current registration with the Office of Court Administration, affording an independent basis for suspension (*id.*).

The Committee now seeks an order disbarring respondent on the ground that he has been suspended pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) and has failed to appear or apply in writing for a hearing or reinstatement for a period of six months after the date of the interim suspension, as provided in 22 NYCRR 603.4 (g). Respondent has not filed with this Court, in compliance with 22 NYCRR 603.13 (f), either proof that he notified his clients of the suspension and his inability to act as an attorney, or a statement of address to which communications may be directed.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's interim suspension order and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys in the State of New York (*Matter of Fletcher*, 70 AD3d 63 [2009]; *Matter of Kennedy*, 55 AD3d 169 [2008]; *Matter of Ryans*, 46 AD3d 71 [2007]).

Tom, J.P., Andrias, Friedman, DeGrasse and Richter, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.