[933 NYS2d 548]

In the Matter of JOHN JAMES BAMBURY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John James Bambury was admitted to practice law in the State of New York by the First Judicial Department on November 30, 1960. At all times relevant to this proceeding, the respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) seeks an order disbarring the respondent from the practice of law pursuant to 22 NYCRR 603.4 (g) on the grounds that he has been suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), and has neither appeared nor applied to the DDC or the Court for a hearing or reinstatement for six months from the date of this Court's order of suspension dated October 19, 2010. The order of suspension was based upon the respondent's failure to cooperate with the DDC's investigation into allegations that the respondent converted funds in connection with a real estate transaction.

Pursuant to 22 NYCRR 603.4 (g), the DDC may apply for disbarment when an attorney has been suspended and has not applied in writing to the DDC or the Court for a hearing or reinstatement for six months from the date of an order of suspension. It is undisputed that more than six months passed and the respondent failed to apply in writing to the DDC or this Court for a hearing or reinstatement as directed by this Court's prior order of suspension (*see* 22 NYCRR 603.4 [g]). Although it was not required, the DDC served the instant motion to disbar on the respondent by first-class mail and certified mail to his home address. No response was filed. The DDC states that the respondent has never filed an affidavit of compliance as required by 22 NYCRR 603.13 (f).

Accordingly, the DDC's motion for an order disbarring the respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see e.g. Matter of Fletcher*, 70 AD3d 63 [2009], *Matter of Kennedy*, 55 AD3d 169 [2008]; *Matter of Benzing*, 51 AD3d 236 [2008]; *Matter of Ryans*, 46 AD3d 71 [2007]), and the respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

Tom, J.P., Saxe, Sweeny, Catterson and Román, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.