[964 NYS2d 907]

In the Matter of GIDEON J. KARLICK (Admitted as GIDEON JOSEPH KARLICK), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 16, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Gideon Joseph Karlick was admitted to the practice of law in the State of New York by the Second Judicial Department on April 19, 1978. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was July 17, 2012 (98 AD3d 251).

Respondent was suspended because he failed to cooperate with the Committee's investigation into a complaint filed against him by a former client alleging neglect of a medical malpractice wrongful death action.

On July 20, 2012, the Committee served respondent with a notice of entry dated July 19, 2012, enclosing a copy of this Court's July 17, 2012 order of suspension by mailing same to two addresses, his last known business address as listed with the Office of Court Administration and his home address. The copy of the notice of entry was served by first-class mail and certified mail return receipt requested. The receipt for the copy mailed to respondent's home address was signed for on July 21, 2012 and returned to the Committee. In its previous application for immediate suspension the Committee included the following notice to respondent:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared, or applied in writing to the Committee or this Court for a hearing or reinstatement, for six months from the date of the order of suspension, may be disbarred without further notice."

More than six months have elapsed since the date of this Court's July 17, 2012 order of suspension but respondent has not sought a hearing or reinstatement, warranting disbarment (*Matter of Claffey*, 99 AD3d 201 [1st Dept 2012]; *Matter of Blood-*

*saw*, 95 AD3d 226 [1st Dept 2012]; *Matter of Bambury*, 91 AD3d 141 [1st Dept 2011]; *Matter of Bugtti*, 15 AD3d 70 [1st Dept 2005]).

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, RENWICK and FREEDMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.