[968 NYS2d 438]

In the Matter of JOSEPH J. MAINIERO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Joseph J. Mainiero*, respondent pro se.

Per Curiam.

Respondent Joseph J. Mainiero was admitted to the practice of law in the State of New York by the Second Judicial Department on March 7, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was July 17, 2012.

Respondent was suspended because he failed to cooperate with the Committee's investigation into four complaints that he neglected client matters, and because he failed to provide relevant escrow account records subpoenaed by the Committee.

On July 19, 2012, the Committee served respondent with a notice of entry dated July 19, 2012, enclosing a copy of this Court's July 17, 2012 order of suspension, by mailing same to his last known business address as listed with the Office of Court Administration. The copy of the notice of entry was served by first-class mail and certified mail, return receipt requested. The receipt was signed for on July 24, 2012 and returned to the Committee. In its previous application for immediate suspension the Committee included the following notice to respondent:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR § 603.4 (g), an attorney who is suspended under § 603.4 (e) (1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

More than six months have elapsed since the date of this Court's July 17, 2012 order of suspension but respondent has not sought a hearing or reinstatement (*Matter of Claffey*, 99 AD3d 201 [1st Dept 2012]; *Matter of Bloodsaw*, 95 AD3d 226 [1st Dept 2012]; *Matter of Bambury*, 91 AD3d 141 [1st Dept 2011]; *Matter of Bugtti*, 15 AD3d 70 [1st Dept 2005]).

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.