[973 NYS2d 185]

In the Matter of Marc A. Bruzdziak (Admitted as Marc Anthony Bruzdziak), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 22, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin Whittingham* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent Marc A. Bruzdziak was admitted to the practice of law in the State of New York by the First Judicial Department on October 4, 2004, under the name Marc Anthony Bruzdziak. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent currently lives in Florida, and is delinquent in his Office of Court Administration attorney registration.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was December 4, 2012.

Respondent was suspended because he failed to cooperate with the Committee's investigation into a complaint filed against him alleging neglect of an immigration matter, including respondent's failure to appear on multiple court dates on behalf of his incarcerated client, and his failure to file required documents or to communicate with his client.

On January 22, 2013, the Disciplinary Committee served respondent with a notice of entry, enclosing a copy of the suspension order, by mailing same to his Florida address by first-class mail and certified mail return receipt requested. The Committee received the receipt for the copy mailed by certified mail, signed by respondent, on February 25, 2013.

In its previous application for immediate suspension the Committee included the following notice to respondent:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended under 603.4 (e) (1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

More than six months have elapsed since the date of this Court's December 4, 2012 order of suspension but respondent has not sought a hearing or reinstatement, warranting disbarment (*Matter of Claffey*, 99 AD3d 201 [1st Dept 2012]; *Matter of*

*Bloodsaw*, 95 AD3d 226 [1st Dept 2012]; *Matter of Bambury*, 91 AD3d 141 [1st Dept 2011]).

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ANDRIAS, J.P., SAXE, MOSKOWITZ, MANZANET-DANIELS and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.