[731 NYS2d 735]

In the Matter of DONALD B. STEIN (Admitted as DONALD BURTON STEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 2001

**APPEARANCES OF COUNSEL**

*Roberta N. Berkwits* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Donald B. Stein was admitted to the practice of law in the State of New York by the Second Judicial Department on June 30, 1993, as Donald Burton Stein, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law based on his failure to cooperate with the Committee's investigation into two allegations of professional misconduct on his part.

Two complaints were brought against respondent by clients, alleging that he neglected their cases. The first complaint, filed by Robert Henderson in October 1999, concerned respondent's handling of his false arrest claim against New York City. Henderson asserted that respondent had failed to commence the action prior to expiration of the Statute of Limitations. In an answer dated January 29, 2000, respondent explained that after the General Municipal Law § 50-h hearing took place and it became apparent that no settlement would occur, he wrote to the client advising that suit would have to be filed quickly, but that the client failed to comply with his instructions contained in his letter. Respondent added that he later determined that the client had not responded because the documents had been delivered to the wrong address.

However, respondent failed to comply with, or initially even respond to, the Committee's August 1, 2000 letter requesting documentation corroborating these assertions. In a follow-up letter dated September 13, 2000, the Committee informed respondent of his obligation to respond by September 29, 2000, or risk suspension, and that his deposition had been scheduled for October 17, 2000.

Respondent failed to respond until October 4, 2000, at which time he stated that he was on trial and would provide answers by overnight mail on October 11, 2000. His next communication was a fax on October 17, 2000, stating that he could not appear for his deposition because of a stomach flu, and asking that it be rescheduled for some time after October 25, 2000. He never responded to the Committee's request for further information and documentation.

The second complaint, filed on July 14, 2000 by Elba Fournier representing Changar Realty Corporation, alleged

that respondent had neglected a matter for which he was retained on July 20, 1999, to defend Changar against alleged violations of fire and building codes. Fournier alleged that respondent was unresponsive to her inquiries regarding the status of the matter, and that ultimately she received a notice from the Bronx Criminal Court advising her that a judgment had been entered against the corporation regarding the violations respondent had been hired to handle. Respondent failed to take the necessary action, and the client had to hire another attorney to have the judgment vacated.

Respondent repeatedly failed to respond to the Committee's letter requests regarding the Fournier complaint, and subsequently ignored numerous subpoenas served on his office. Following further investigation by the Committee, respondent was reached through his mother and on April 23, 2001, was served with a subpoena returnable the next day. His request for a one-week adjournment was granted, but on the adjourned date he sent a fax seeking a two-week adjournment. He has not communicated further with the Committee since that time.

This Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that he is "guilty of professional misconduct immediately threatening the public interest" (22 NYCRR 603.4 [e] [1]). Such a finding may be based upon "the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]). While he did file an answer to the first complaint, respondent's pattern of delay and evasion in answering the second complaint, and his complete failure to provide documentation and appear pursuant to subpoenas, "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (see, Matter of Gordon, 142 AD2d 135, 137).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until further order of this Court.

WILLIAMS, J. P., TOM, MAZZARELLI, LERNER and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court.