[17 NYS3d 127]

In the Matter of Yoo Rok Jung (Admitted as Yoorok Jung), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 6, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Yoo Rok Jung was admitted to the practice of law in the State of New York by the Second Judicial Department on January 26, 2011, under the name Yoorok Jung. At all times relevant herein, until on or about May 27, 2014, when respondent changed her Office of Court Administration (OCA) registration address to Jeonju, South Korea, she practiced law in the First Judicial Department in association with various law firms.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law, until further order of the Court, based upon her failure to cooperate with the Committee in its investigation of professional misconduct.

In April 2012 and February 2013, two complaints were filed against respondent involving settlements her then employer had obtained on behalf of two separate clients. One client alleged that after the law firm received a $27,000 settlement check, respondent called her in and asked her to sign a copy of a $13,000 check, representing her share of the proceeds. When the client refused to sign, respondent refused to give her the $13,000 check and threatened to donate the funds to charity. The other client alleged that respondent's law firm, without his consent, reached a settlement on an unpaid wages claim with his former employer.

Respondent initially cooperated by providing answers to these two complaints and appearing with counsel for a deposition in June 2013. However, more time was needed for further questioning and staff counsel advised respondent that a continued deposition would be required. Thereafter, respondent's cooperation became erratic and eventually ceased altogether.

In September 2013, pursuant to instructions given by respondent's attorney, the Committee sent the deposition transcript to respondent at a New Jersey address, which it later learned was a UPS office. The Committee inferred that respondent was no longer represented by counsel and, thereafter, sent letters to respondent at addresses in Queens and New Jersey, to two law offices previously associated with respondent, and her

former employer requesting, inter alia, that she make contact to reschedule her continued deposition.

Finally, in January 2014, respondent wrote the Committee but declined to schedule a deposition, stating that "[s]uch a meeting would not be the most efficient use of your highly valuable time." This letter had no information indicating how respondent could be contacted. On February 6, 2014, the Committee wrote respondent at her employer advising her of her obligation to cooperate with the ongoing disciplinary investigation. On February 18, 2014, respondent telephoned the Committee, acknowledged receiving the recent letter, confirmed a Sunnyside, Queens address as her home address, and requested 30 days to retain counsel. Although new counsel for respondent informed the Committee on or about March 4 that he had been retained, he advised the Committee just two weeks later that the attorney/client relationship had been terminated. Thereafter, respondent did not retain new counsel or agree to a new deposition date.

On May 15, 2014, the Committee received a new complaint from a client against respondent, her former law firm, and another attorney. This client alleged that, inter alia, respondent provided her with either intentionally wrong or blatantly incompetent legal advice regarding the enforceablity of a promise made by her former paramour, resulting in her expending thousands of dollars in legal fees to defend against a lawsuit he filed against her. On June 5, 2014, a copy of the complaint was sent to respondent at her Sunnyside, Queens address, but the Committee discovered that respondent had changed her address on May 27, 2014 to an address in Jeonju, South Korea. On June 30, 2014, the Committee forwarded the complaint to the South Korea address. The letter was not returned and respondent did not submit an answer.

On October 24, 2014, the Committee mailed respondent a subpoena duces tecum requiring her to appear on December 11, 2014 to give testimony on the most recent complaint against her. This letter was mailed to respondent in South Korea by international registered mail. The Committee has received no return receipt card from respondent, nor has the letter been returned as undeliverable. Respondent did not appear for the deposition. That day the Committee sent respondent a letter to the South Korea address, by international registered mail, advising her that her failure to appear could constitute grounds for her immediate suspension from the practice of law. That

letter has not been returned as undeliverable and no return receipt card has been returned to the Committee.

On November 18, 2014, the Committee learned of a summons and complaint filed in *International Legal Consultants Inc. v TD Bank, N.A., et al.*, (Civ Ct, NY County, index No. CV-011928-14/NY), that appeared to have been signed by respondent on behalf of another law firm. On November 21, 2014, by mail and email, the Committee wrote to a partner at that law firm requesting, inter alia, that he produce all court papers signed by respondent over the past four years for his firm, and to provide respondent's current business and residential addresses. The partner responded, stating that respondent had no connection to the firm, that she never signed any document or filed any court papers as an attorney at the firm, and he denied having any addresses for her.

On December 19, 2014, the Committee sent letters to respondent by first-class mail and certified mail, at four addresses at which she had registered with OCA or from which she has filed court papers in the previous three years, as well as the email address for the firm whose name appeared on the *International Legal Consultants* complaint, informing her of a final opportunity to cooperate by appearing for a deposition on January 13, 2015. One first-class letter was returned as undeliverable, and three out of four return receipt cards were signed by someone other than respondent and returned. When respondent did not appear for her deposition on January 13, 2015, the Committee wrote her about the consequences of her failure to appear and to cooperate. That letter was sent to South Korea as well as the aforementioned four U.S. addresses, and the law firm email address. Respondent has not responded to the letter.

Immediate suspension on an interim basis is appropriate where the public interest is threatened because an attorney has demonstrated a willful noncompliance with a Committee investigation (22 NYCRR 603.4 [e] [1] [i]; *see Matter of Maruggi*, 87 AD3d 201 [1st Dept 2011]; *Matter of Bautista*, 78 AD3d 75 [1st Dept 2010]). Here, respondent's failure to answer the most recent complaint and to appear pursuant to subpoena at either the December 11, 2014 or the January 13, 2015 scheduled depositions demonstrates such willful noncompliance. Indeed, since the Committee's last direct contact with respondent in February 2014, she has evaded the Committee's numerous efforts to communicate with her, making herself intentionally

"inaccessible to those to whom [s]he is accountable" (*Matter of Amukele*, 58 AD3d 128, 130 [1st Dept 2008]; *see also Matter of Millstone*, 88 AD3d 283 [1st Dept 2011]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

GONZALEZ, P.J., MAZZARELLI, SWEENY, MOSKOWITZ and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.