[29 NYS3d 260]

In the Matter of CHARLES U. ODIKPO (Admitted as CHARLES UBAKA ODIKPO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 17, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta Nan Kolar* of counsel), for petitioner.

*Charles U. Odikpo*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Charles U. Odikpo was admitted to the practice of law in the State of New York by the Third Judicial Department on June 20, 2000 under the name Charles Ubaka Odikpo. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) moves for an order immediately suspending respondent from the practice of law until further order of this Court pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) on the ground that he failed to cooperate with the Committee's investigation of professional misconduct that immediately threatens the public interest. Respondent has not opposed the motion.

In October 2013, the Committee received a complaint from a client who had retained respondent in 2004 to represent him in a personal injury action. The client stated that while his treating physicians had been paid, he could no longer contact respondent, who had moved, to find out what happened to his case.

On December 4, 2013, the Committee sent the complaint to respondent at the Bronx address he provided to the Office of Court Administration (OCA). When respondent did not answer within 20 days as required, a committee investigator was assigned to ascertain a working address or telephone number for respondent.

The investigator discovered that the telephone number respondent used in his OCA registration had been disconnected. Respondent did not answer letters sent to the Bronx address by the investigator on January 10, 2014 and February 28, 2014. However, further investigation confirmed that the Bronx address was respondent's home.

On April 12, 2014, the investigator received a call from respondent. Although respondent said he was in Nigeria and

that he would answer the client's complaint upon his return to New York in a few weeks, on April 14, 2014, the Committee received a written response to the complaint in which respondent used the Bronx address as his return address. While respondent also gave a new telephone number, it would not accept incoming calls.

In his response, respondent stated that he was retained in 2004 and that about a year later he informed the client that his injuries did not satisfy the no-fault threshold and that he would not proceed with the case. Respondent further stated that he had received nothing further from the client and that the allegation that there was no way for the client to contact him was "simply ridiculous."

Meanwhile, in the course of its investigation, the Committee discovered that respondent had a September 11, 2006 conviction for driving while ability impaired and a June 12, 2013 conviction for driving while intoxicated, neither of which he had reported to the Committee as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f). Furthermore, as to the second case, respondent had been returned on a warrant on two occasions and his driver's license had been revoked for a year.

On April 23, 2014, the Committee sent a letter to respondent by regular and certified mail which requested that he provide them with a telephone number that would accept calls and messages. It also requested a copy of the client's file within 20 days. While the letter sent by certified mail was returned, the letter sent by regular mail was not.

Respondent did not provide a copy of the subject file or a working telephone number. By letter dated April 23, 2015, the Committee mailed him a subpoena duces tecum, directing respondent to appear on May 12, 2015, and to provide, among other things, his files pertaining to the client and records relating to his two drunk driving convictions. The certified copy was returned marked "refused unable to forward."

Respondent did not appear for his deposition on May 12. On June 29, 2015, the Committee sent him a letter by regular and certified mail advising him of the opening of two sua sponte investigations into his drunk driving convictions. The letters requested that respondent provide records of the convictions and explain why he failed to report them. On July 28, 2015, the Committee sent respondent a follow up letter which directed his attention to decisions by this Court by which at-

torneys were suspended for their failure to cooperate. Still respondent did not respond.

Pursuant to 22 NYCRR 603.4 (e) (1),

> "[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest."

Misconduct will be found when the attorney fails "to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]). Thus, a failure to comply with the Committee's demands made in connection with an investigation is grounds for immediate suspension from the practice of law (*see Matter of Holubar*, 73 AD3d 214, 217 [1st Dept 2010]). This is especially true when the failure to comply is persistent (*see Matter of McClain-Sewer*, 39 AD3d 35, 36 [1st Dept 2007]).

Since the submission of a single page response to the client's complaint in April 2014, respondent has not contacted the Committee. Despite numerous attempts to communicate with him, respondent has evaded and thwarted the investigations into the client's complaint and his drunk driving convictions and his failure to report them. This includes respondent's failure to appear before the Committee for a deposition as required by subpoena. By this conduct, respondent demonstrates a willful noncompliance with a committee investigation and threatens the public interest, warranting an immediate suspension from the practice of law (*see Matter of Yoo Rok Jung*, 132 AD3d 236 [1st Dept 2015]; *Matter of Mainiero*, 98 AD3d 255 [1st Dept 2012]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.

MAZZARELLI, J.P., ANDRIAS, SAXE, MOSKOWITZ and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Committee have been concluded, and until further order of this Court.