[34 NYS3d 437]

In the Matter of BRIAN WILLIAM RAUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin M. Doyle* of counsel), for petitioner. *Brian William Raum,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Brian William Raum was admitted to the practice of law in the State of New York by the First Judicial Department on November 24, 1997, under the name Brian William Raum. Although respondent currently lives in Phoenix, Arizona, this Court, as the admitting Department, retains continuing jurisdiction over respondent (Rules of App Div, 1st Dept [22 NYCRR] § 603.1 [a]).

By motion dated February 23, 2016, the Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation.

The Committee's motion is based upon respondent's lack of cooperation in the Committee's investigation into 10 complaints filed against him. While respondent initially cooperated, four of the complaints have gone unanswered and respondent failed to appear or provide an explanation for his failure to appear for a deposition before the Committee pursuant to subpoena.

In April 2014, the Committee received a complaint from respondent's client alleging neglect and abandonment. Respondent answered this complaint, conceding some degree of neglect. He explained that, inter alia, in June 2006 he and his family (wife and six children) had relocated from New York to Arizona where he took a position with a not-for-profit legal organization; he was not admitted to practice law in Arizona. Around 2012, he had left this position and planned on moving back to New York, with his family eventually following.

Beginning in March 2013, he was traveling back and forth from Arizona to New York while setting up his own practice. This situation led to significant familial, financial, professional, and health difficulties. The latter included mental illness in the form of anxiety and depression, which caused him, at one point, to "virtually . . . not function personally or professionally." Respondent stated that he was "under the care of a doctor for depression and anxiety." After about one year, in March 2014, he decided he would move back to Phoenix permanently and close his New York practice. Lastly, respondent assured the Committee that he would refund any monies owed to the client.

Also, in April 2014, the Committee received a complaint against respondent from another client alleging neglect, abandonment, and failure to refund his fee. Respondent answered this complaint, conceding that some refund might be due the client. Respondent again detailed the familial, financial, professional, and health issues he was wrestling with.

Again in April 2014, the Committee received a third complaint alleging that respondent had failed to refund the retainer fee paid after terminating representation. Respondent answered this complaint, conceding that some refund might be due and once again detailing the difficulties he discussed in his two prior answers.

In July 2014, the Committee received a fourth complaint alleging that respondent had failed to refund his fee after terminating representation. By a timely answer, respondent conceded some refund might be due and reiterated the many difficulties he was dealing with in his life.

In September 2014, the Committee received a fifth complaint from respondent's client alleging neglect, inadequate communication, deception as to the client's legal matter, and failure to refund the fee paid. In an answer dated October 1, 2014, respondent denied any intentional deception and alluded to his previously noted familial, financial, professional, and mental health issues.

In December 2014, the Committee received a sixth complaint from respondent's client alleging inadequate communication, improper termination of representation and respondent's false assurance to a court (in his motion to withdraw as counsel) that any unearned client fees would be refunded. In a timely answer, respondent denied improper termination of representation and any intentional deception. He once again referred to his personal, financial, and mental health issues, and stated that he was "under the care of a doctor for depression and anxiety." Consistent with statements made in the aforementioned answers he provided the Committee, respondent once again wrote in response to the complaint that he had "taken upon myself to discontinue the practice of law in New York at this time and I am getting the professional help I need to reestablish my emotional health and family life."

Respondent's repeated assertions regarding his mental health led Committee staff, beginning in September 2014, to ask respondent to provide his medical records to the Committee. He did so in October 2014. Those records, from his primary

care physician, confirmed his anxiety and depression. Thereafter, respondent and staff counsel discussed, during telephone conversations, respondent's efforts to address his mental health issues and to refund to his clients any unearned fees. Beginning in February 2015, respondent and staff counsel discussed the possibility of respondent's suspension from the practice of law on the grounds of mental incapacity (22 NYCRR 603.16 [b] [1]). During a February 6, 2015 telephone conversation, respondent told staff counsel that he would consider consenting to such a suspension and expressed interest in reviewing decisional law related to such; that day staff counsel emailed this Court's decision in *Matter of Falls* (121 AD3d 83 [1st Dept 2014]).

On February 27, 2015, respondent advised staff counsel that he was amenable to a suspension based upon mental infirmity and that he was to receive a full psychological work-up on March 17. On April 30, 2015, when the two again spoke, respondent stated that the following month he would speak to his therapist about obtaining the necessary medical documentation for a suspension based upon mental incapacity.

On June 3, 2015, the Committee sent respondent a new complaint against him that alleged respondent had abandoned representation of this client and failed to refund unearned fees. Included were documents provided by the client of a May 6, 2015 arbitration award against respondent administered by the Joint Committee on Fee Disputes and Conciliation, directing respondent refund to her $1,300. In its letter accompanying the complaint, the Committee advised respondent that he was to submit an answer within 20 days, however, no answer was provided.

On August 21, 2015, respondent and staff counsel spoke by telephone during which respondent was told to anticipate receiving three additional complaints which had been received around January 2015, that would require answers. With regard to respondent's potential consent to his suspension for mental incapacity, respondent indicated an increased inclination to proceed with it. Consequently, as promised, staff counsel emailed respondent a sample attorney's affirmation in support of such suspension.

On August 24, 2015, the Committee sent respondent the three additional complaints against him. One complaint alleged inadequate communication, neglect, and prejudicial termination; another claimed inadequate communication,

incompetence, prejudicial termination, and failure to return unearned fees; and the final one alleged respondent failed to refund unearned fees. The Committee requested respondent provide an answer addressing these three complaints within 20 days. These complaints, along with the Committee's accompanying letter, were sent to respondent three times; hard copies were sent twice due to a typographical error of his address made by respondent, and one copy was sent by email.

On September 1, 2015, when respondent and staff counsel spoke again, respondent stated that he was in the process of obtaining a letter from his doctor to include in a motion on consent to suspend for mental incapacity. Though respondent was to submit answers to the last three complaints in September 2015, they went unanswered, as did the complaint sent to him in June.

On October 19, 2015, staff counsel emailed respondent asking him to call. This request was ignored. On October 29, 2015, staff counsel telephoned respondent and left a voicemail message asking that he call. Once again, this request was ignored. On November 2, 2015, staff counsel emailed respondent, pointing out that there were 10 open disciplinary complaints against him, and that he still had not provided four answers. Respondent was also informed that he had seven days to provide the outstanding answers, and was asked to telephone staff counsel in order to set a date for his appearance before the Committee.

When respondent failed to respond to this email, on November 19, 2015, a subpoena ad testificandum was sent to him by first-class mail, certified mail return receipt requested, and by email. The subpoena required respondent's appearance at the Committee's offices on December 8, 2015. Respondent neither appeared, sought a more convenient date, nor offered an explanation as to his failure to appear.

Finally, on February 2, 2016, staff counsel sent a last letter to respondent by first-class mail, certified mail return receipt requested and by email, noting both his failure to appear and the complaints requiring answers, and referencing decisions by this Court where an attorney's failure to cooperate with the Committee formed the basis for suspension. Respondent was urged to immediately contact staff counsel. Respondent failed to do so.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the at-

torney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon:

> "the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]; *see also Matter of Gujral*, 307 AD2d 28 [1st Dept 2003]; *Matter of Stein*, 287 AD2d 32 [1st Dept 2001]).

In this Court's view, respondent's failure to answer four disciplinary complaints and his unexcused failure to appear for an examination under oath on December 8, 2015, in defiance of a court-ordered subpoena, constitutes willful noncompliance with a Committee investigation, warranting his immediate suspension under 22 NYCRR 603.4 (e) (1) (i) (*Matter of Cumberbatch*, 123 AD3d 152 [1st Dept 2014]; *Matter of Seaborn*, 111 AD3d 215 [1st Dept 2013]; *Matter of Burke*, 54 AD3d 70 [1st Dept 2008]).

As fully detailed above, while respondent initially cooperated by providing answers to six complaints and indicated he would consent to a suspension based upon mental incapacity, his failure to follow through and produce the necessary documentation led to the instant proceeding (*see e.g. Matter of Seaborn*, 111 AD3d at 218; *Matter of Auslander*, 74 AD3d 93 [1st Dept 2010]; *Matter of Hickey*, 231 AD2d 174 [1st Dept 1997]).

In short, respondent's persistent uncooperative behavior has impaired the Committee's ability to swiftly adjudicate the complaints filed by respondent's former clients. Such behavior evinces a shocking disregard for the judicial system and the Committee's investigation (*see Matter of Lefrak*, 46 AD3d 56 [1st Dept 2007]; *Matter of Muri*, 303 AD2d 86 [1st Dept 2003]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., ANDRIAS, MOSKOWITZ, KAPNICK and WEBBER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.