[54 NYS3d 860]

In the Matter of BRIAN WILLIAM RAUM, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 6, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Brian William Raum*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Brian William Raum was admitted to the practice of law in the State of New York by the First Judicial Department on November 24, 1997. Although respondent no longer lives in New York, this Court, as the admitting Department, retains jurisdiction over respondent (Rules of App Div, 1st Dept [22 NYCRR] § 603.1 [a]).

By motion dated February 23, 2016, the Attorney Grievance Committee sought respondent's immediate suspension from the practice of law pursuant to former 22 NYCRR 603.4 (e) (1) (i), based upon his willful failure to cooperate with the Committee's investigation into alleged professional misconduct. While respondent had initially cooperated with the Committee, 4 out of 10 complaints filed against him had remained unanswered and respondent failed to appear or provide an explanation for his failure to appear for a deposition before the Committee pursuant to subpoena.

The Committee states that its previous notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent did not appear on the interim suspension motion.

By order entered June 23, 2016, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, and until further order of the Court (141 AD3d 198 [1st Dept 2016]).

On June 26, 2016, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension. The notice of entry was served on respondent's home address in Arizona by first-class mail and certified mail return receipt requested.

The Committee now moves to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9

(b), on the ground that he was suspended under former 22 NYCRR 603.4 (e) (1) (i) (now 22 NYCRR 1240.9 [a] [3]) and having "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice" (see 22 NYCRR 1240.9 [b], formerly 22 NYCRR 603.4 [g]).

Respondent, pro se, was served with this motion by first-class mail, certified mail return receipt requested, and by email but he has not submitted a response.

More than six months have elapsed since this Court's June 23, 2016 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings. Accordingly, the Committee's motion for an order disbarring respondent is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (see Matter of Durove, 144 AD3d 4 [1st Dept 2016]; Matter of McCann, 143 AD3d 98 [1st Dept 2016]).

FRIEDMAN, J.P., ANDRIAS, MOSKOWITZ, KAPNICK and WEBBER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.