Matter of Pomerantz (2018 NY Slip Op 00244)





Matter of Pomerantz


2018 NY Slip Op 00244


Decided on January 11, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom, Justice Presiding,
Dianne T. Renwick
Richard T. Andrias
Judith J. Gische
Barbara R. Kapnick,Justices.


&em;

[*1]In the Matter of Mark S. Pomerantz, (admitted as Mark Steven Pomerantz), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark S. Pomerantz, (OCA Atty. Reg. No. 2035475) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark S. Pomerantz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 26, 1986.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Mark S. Pomerantz was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 1986, under the name Mark Steven Pomerantz. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.
By order entered September 21, 2010, respondent was suspended from the practice of law for three months based on his plea of guilty to attempted criminal possession of a forged instrument (2010 NY Slip Op 82856[U] [1st Dept 2010]). By order entered March 24, 2011, he was reinstated (2011 NY Slip Op 67836 [U] [1st Dept 2011]).
Respondent last registered with the Office of Court Administration (OCA) on or about June 4, 2014, listing a law firm as his business address. By letter dated July 24, 2017, the firm advised the Committee that respondent had stopped working there in February 2015. Respondent has failed to register or pay dues for the 2016/17 biennial period.
The Attorney Grievance Committee received a complaint from respondent's former wife alleging that he failed to comply with numerous financial obligations contained in an order issued on October 21, 2016, after hearing, by a Court Attorney Referee in Supreme Court, Nassau County, in their divorce proceedings. Prior to the hearing, by order dated May 21, 2015, respondent had been found in willful contempt based on his failure to pay $5,000 in interim counsel fees and committed to a correctional center for 60 days with a purge amount of $5,000, which he subsequently paid. By order dated May 20, 2016, respondent was found in willful contempt for a second time based on his alleged failure to pay child support and maintenance arrears, as required by a so-ordered stipulation dated December 4, 2015, and in failing to pay college tuition for their minor child.
Despite being served with the complaint, multiple demands that he answer the complaint, and a judicial subpoena duces tecum demanding his appearance, respondent has not appeared or contacted the Committee. Respondent has been notified repeatedly of his default and asked to contact the Committee, but has failed to do so, even though he has been advised that his failure to cooperate could expose him to an interim suspension.
The Committee now moves for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and (5), and Judiciary Law § 468-a(2), immediately suspending respondent from the practice of law until further order of this Court based upon his failure to comply with a lawful demand of the Court or the Committee, uncontroverted evidence of professional misconduct, and his failure to register with and inform OCA of changes to his attorney information. By order entered October 12, 2017, this Court granted the Committee permission to serve the motion, and any additional filings in this case, upon respondent by first class mail with tracking and certified mail, return receipt requested. Respondent has not opposed the motion.
The Committee has presented clear and uncontested evidence that respondent has engaged in conduct that immediately threatens the public interest, warranting his immediate suspension. The record establishes, among other things, that respondent has failed to comply with the numerous requests of the Committee contained in letters, emails and voice mails requesting that he answer the complaint and that he has failed to comply with a court ordered subpoena directing his appearance for deposition (see Matter of Spencer, 148 AD3d 223 [1st Dept 2017]; Matter of Yoo Rok Jung, 132 AD3d 236 [1st Dept 2015]). The record further establishes that respondent was found in willful contempt for failing to comply with court orders in connection with his financial obligations in the matrimonial matter with his former wife, which evinces a shocking disregard for the judicial system (see Matter of Rennie, 260 AD2d 132 [1st Dept 1999]). Lastly, respondent is delinquent in his attorney registration and has failed to notify OCA of changes to his addresses and telephone numbers within 30 days of such change, as required by Judiciary Law § 468-a(2), thereby frustrating the Committee's attempt to [*2]communicate with him regarding its investigation (see Matter of Banji, 106 AD3d 73 [1st Dept 2013]).
Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of the Court.
All concur.
Order filed. [January 11, 2018]
Tom, J.P., Renwick, Andrias, Gische, Kapnick, JJ.
The motion is granted to the extent of suspending respondent from the practice of law in the State of New York, under Judiciary Law §468-a(2) and 22 NYCRR 1240.9(a)(1) and (3) effective immediately, and until further order of this Court. Opinion Per Curiam. All concur.