Matter of Morgado (2018 NY Slip Op 00535)





Matter of Morgado


2018 NY Slip Op 00535


Decided on January 30, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,Justices.


M-6148

[*1]In the Matter of Dale J. Morgado, (admitted as Dale James Morgado), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Dale J. Morgado, (OCA Atty. Reg. No. 5225834) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Dale J. Morgado, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 11, 2014.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Dale J. Morgado was admitted to the practice of law in the State of New York by the Third Judicial Department on March 11, 2014, under the name Dale James Morgado. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In October 2016, the Attorney Grievance Committee (Committee), commenced an investigation into respondent's conduct after it received a complaint from V.G. alleging that he initially contacted respondent in April 2016 regarding "employee funds" he was seeking. Respondent's secretary informed him that after she verified that the check was not cashed, a new check could be re-issued after his identity had been verified. On May 8, 2016, V.G. emailed back an Affidavit of Identity and after emailing his bank account information, he finally received an email from the secretary on June 27, 2016, stating that respondent would be wiring him a payment. When no payment was forthcoming, V.G. asked for an update and on July 13, 2016, respondent emailed him stating that there were no signs of rejection from his bank and for him to contact respondent. Thereafter, V.G. provided his cell phone number for respondent to call and sent an email and left phone messages for respondent but no contact was made. On September 8, 2016, respondent sent an email to V.G. suggesting he contact him but V.G. was so frustrated with respondent's conduct that he didn't reply and discovered on his own that respondent allegedly turned over the subject funds to the California State Comptroller's Office.
The Committee sent respondent a copy of the complaint and a request for an answer to the address listed on the complaint form and to his OCA registered business address. The letters were returned stamped "not deliverable as addressed" or "attempted not known" and "return to sender." In March 2017, the Committee sent a request for an answer to the complaint to respondent's OCA registered home address in Connecticut (where he is also admitted) but the letter was returned as "moved, left no address." In April 2017, when the Committee called the phone number listed on the complaint, a receptionist answered and provided a mailing address for respondent located in Miami, Florida. On April 20, 2017, letters were sent to the Miami address by first class mail and certified mail return receipt requested but both letters were returned marked "no such number"; letters were also sent by fax and email but no response was received.
A Committee investigator located papers respondent had filed on February 28, 2017 in the U.S. District Court, Middle District of Florida which listed a Park Avenue South, NY, NY address. Accordingly, on May 25, 2017, the Committee served respondent with a subpoena duces tecum directing he appear for a deposition on June 20, 2017. The investigator learned that the Park Avenue South address was a "virtual address" which housed P.O. Boxes. An employee at that location confirmed that respondent maintained a mailbox there and agreed to personally place an envelope with the subpoena in respondent's mailbox. The investigator also attempted to personally serve respondent at his business address listed with OCA but upon a search of the area he learned that the address did not exist. The subpoena was also mailed to respondent at the Park Avenue South address by first class mail but was returned to the Committee as "unable to forward." Respondent did not appear for the deposition or otherwise contact the Committee.
On April 20 and July 12, 2017, the Committee emailed respondent at the email address listed on the complaint noting his failure to submit an answer to the complaint. Notably, on July 14, 2017, respondent emailed back that he was sorry the Committee was having trouble reaching him and he would "try to more fully respond to you over the weekend..." The Committee emailed respondent back, again requesting an answer to the complaint and advising that if he failed to provide such by July 21, the Committee would seek his interim suspension.
The Committee now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), and Judiciary Law § 468-a, immediately suspending respondent from the practice of law until further order of this Court due to his failure to appear pursuant to subpoena and to comply with lawful demands of the Committee, and his failure to register with and pay dues to the Office of Court Administration for the 2016/17 biennial period.
The Committee received permission to serve respondent with the instant motion by substituted service, via email and publication in the New York Law Journal. The New York Law Journal published said notice on November 28, 2017. Respondent, pro se, has not filed a response to this motion.
Pursuant to 22 NYCRR 1240.9(a), an attorney may be suspended from practice on an interim basis during a pending investigation upon a finding by the Court that the respondent has [*2]engaged in conduct immediately threatening the public interest. Such a finding may be based upon: "the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant to subpoena under these Rules" or "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."
The record sufficiently establishes respondent's willful
failure to cooperate with the Committee's investigation by failing to fully cooperate with its investigation into his conduct. Notwithstanding numerous letters and emails requesting answers to the complaint filed against him and his failure to comply with a court ordered subpoena directing his appearance for a deposition, respondent has chosen not to respond and has acted in an evasive manner thereby frustrating the Committee's investigation and warranting his immediate suspension (see Matter of Spencer, 148 AD3d 223 [1st Dept 2017]; Matter of Raum, 141 AD3d 198 [1st Dept 2016]; Matter of Yoo Rok Jung, 132 AD3d 236 [1st Dept 2015]; Matter of Anyikwa, 109 AD3d 76 [1st Dept 2013]; Matter of Lee, 14 AD3d 98 [1st Dept 2004]).
Separately, the Committee argues that respondent is delinquent in his attorney registration for the biennial period of 2016/2017 and that failure to register, as required by Judiciary Law § 468-a, constitutes another independent ground for his suspension. We have found similar conduct to be prejudicial to the administration of justice and have referred the same for appropriate disciplinary action (see Judiciary Law § 468-a[5];see e.g. Matter of Banji, 106 AD3d 73 [1st Dept 2013]).
Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 1240.9 (a) (1) and (3), and until further order of this Court.
All concur.
Order filed. [January 30, 2018]
Acosta, P.J., Tom, Friedman, Sweeny, Gische, JJ.
Respondent suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court.