Matter of Edwards (2019 NY Slip Op 02972)





Matter of Edwards


2019 NY Slip Op 02972


Decided on April 18, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr.,Justice Presiding,
Sallie Manzanet-Daniels
Cynthia S. Kern
Jeffery K. Oing
Anil C. Singh,Justices.


M-700

[*1]In the Matter of Kavin L. Edwards, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kavin L. Edwards (OCA Att. Reg. 4376372), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kavin L. Edwards, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on
 January 9, 2006.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi Ellen Shea, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Kavin L. Edwards was admitted to the practice of law in the State of New York by the First Judicial Department on January 9, 2006. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By motion dated January 29, 2019, the Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee's investigation into allegations of professional misconduct. Respondent has not submitted a response to this motion.
The underlying facts are as follows:
On June 25, 2015, respondent was appointed as guardian for an incapacitated person (Sue Oshima). On January 9, 2018, the Committee received a complaint from John D'Alessandro, a compliance referee in the Guardianship Department in Supreme Court, Bronx County, advising that Oshima had passed away and respondent had repeatedly failed to appear in court in connection with proceedings to discharge him as her guardian even though he was notified by letter, telephone and court order (Matter of Oshima, index No. 91739-2015).
By letter dated February 13, 2018, mailed to respondent's address as then listed with OCA, the Committee wrote respondent asking him to answer the allegations raised in the complaint within 20 days. The letter was returned to the Committee as undeliverable. Having discovered a new address for respondent on 7th Avenue, by letter dated April 10, 2018, the Committee again sent the complaint and directed respondent to submit an answer within 20 days. Having received no answer, the Committee sent another letter on May 10, 2018, by certified mail, return receipt requested, asking for a response within 10 days and advising respondent of 22 NYCRR 1240.9(a) and citing precedent that provided for suspension of attorneys who failed to cooperate with the Committee. Although the certified mail receipt was signed for indicating a delivery date of May 12, 2018, respondent did not answer.
On July 17, 2018, the Committee served respondent with a subpoena directing him to appear for a deposition on August 2, 2018. Respondent appeared, pro se, for his deposition, at which time, according to the Committee, he acknowledged that he failed to respond to the Committee's April and May 2018 letters. Committee staff directed respondent to provide an answer to D'Alessandro's complaint and reminded him that, if he was needed to appear for a subsequent examination under oath, the subpoena remained in effect throughout the duration of the case.
When respondent did not submit an answer to the complaint by September 25, 2018, the Committee telephoned him, left a voicemail message, and also wrote him a letter reminding him to provide the missing answer by October 15. The USPS tracking information confirmed delivery of this letter on September 27. By letter dated October 18, 2018, the Committee again wrote respondent that his answer was past due, advised that if he failed to provide an answer, the Committee may seek his suspension, and directed him to appear for a continuing examination under oath on November 20, 2018. Respondent did not submit an answer nor did he appear for the examination under oath or otherwise contact the Committee.
On November 28, 2018, by letter sent by priority mail and certified mail, return receipt requested, the Committee once again reminded respondent that his answer was late and directed him to appear for an examination under oath on December 10, 2018. The Committee did not receive a signed certified mail return receipt and, according to the USPS tacking information, on November 30, a notice was left at respondent's address advising him to schedule for re-delivery because "No Authorized Recipient" was available. As of the motion date, January 29, 2019, respondent has not contacted the Committee.
The Committee states that during the course of its investigation, it became aware of a second guardianship matter in which respondent failed to file a final accounting pursuant to court [*2]rules, and he repeatedly failed to appear for scheduled compliance dates.
The Committee now seeks an order pursuant to 22 NYCRR 1240.9(a)(3) immediately suspending respondent from the practice of law based upon his non-cooperation with the Committee's investigation, which conduct immediately threatens the public interest.
According to an amended affidavit of service, respondent was served with this motion by personal service at his 7th Avenue address by serving an individual who agreed to accept service of the motion, with a proper follow -up mailing. Respondent has not submitted a response.
Pursuant to 22 NYCRR 1240.9(a)(3), an attorney may be suspended from the practice of law on an interim basis, during the pendency of an investigation or proceeding, upon a finding that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon the attorney's failure "to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."
Respondent has repeatedly failed to submit an answer to the complaint and has not appeared for a continuation of his deposition, even though he was advised of the possible need for a subsequent deposition under this Court's subpoena. Additionally, he has defaulted on this motion seeking his interim suspension. Such conduct demonstrates a willful noncompliance with a Committee investigation and warrants his immediate suspension (Matter of Matic, 165 AD3d 45 [1st Dept 2018]; Matter of Morgado, 159 AD3d 50 [1st Dept 2018]; Matter of Spencer, 148 AD3d 223 [1st Dept 2017]; Matter of Raum, 141 AD3d 198 [1st Dept 2016]).
Accordingly, the Committee's motion pursuant to 22 NYCRR 1240.9(a)(3) should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Order filed. [April 18, 2019]
The motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.